JAMES AURORA ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF EAST HAVEN

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued January 8—decided February 6, 1964

*Anthony V. DeMayo,* with whom, on the brief, was *Edward W. Cohen,* for the appellants (plaintiffs).

*I. Milton Widem,* with whom was *Edward T. Blair,* for the appellee (defendant).

SHEA, J. The plaintiffs appealed to the Court of Common Pleas from the action of the defendant in granting the application of Stop and Shop, Inc., of Connecticut for a variance of the East Haven zoning ordinance regulating the distance between retail outlets selling alcoholic beverages. The defendant filed a plea in abatement stating that "the Court has no jurisdiction . . . because the appeal was not served within fifteen . . . days from the date when . . . [the] decision . . . [of the defendant] . . . was rendered" as required by § 8-8 of the General Statutes. To this plea the plaintiffs filed a general denial. The issues on the plea were found for the defendant, and the court rendered judgment dismissing the appeal. From that judgment the plaintiffs have appealed.

There is no finding; consequently, our knowledge of the facts is limited to those which appear in the record. In the appeal to the Court of Common Pleas, which is dated February 12, 1963, it is alleged that the application for the variance was granted by the defendant on January 22, 1963. Thus, the appeal was not taken within fifteen days from the date on which the application was granted.

Section 8-8 provides: "Any person or persons severally or jointly aggrieved by any decision of . . . [the zoning board of appeals], or any officer, . . . may, within fifteen days from the date when . . . [the] decision was rendered, take an appeal to the court of common pleas of the county in which . . . [the] municipality is located." The defendant's claim that the court has no jurisdiction of the appeal assumes that the appeal was governed by

this statute. It is true that appeals from zoning boards of appeal to the court were formerly governed exclusively by this statute. Rev. 1949, § 844. In 1953, however, § 843 of the 1949 Revision was amended by adding: "Such [special] exception, variance or reversal [of an order appealed to the zoning board of appeals] shall become effective at such time as may be fixed by the board, provided a copy thereof shall be filed in the office of the town, city or borough clerk, as the case may be, and notice of such filing shall have been published in a newspaper having a substantial circulation in the municipality before such effective date. Appeals from such decisions of the board may be made by persons aggrieved in the manner set forth in . . . [what is now § 8-8] within fifteen days from the effective date thereof, the time limitations set forth in . . . [what is now § 8-8] notwithstanding." Cum. Sup. 1955, § 378d. This law was in effect at the time the present appeal was taken. General Statutes § 8-7. Thus, under this statute, the time within which to appeal from a special exception, variance, or reversal made by a zoning board of appeals begins to run from the effective date of the decision. Section 8-8 has no bearing on the limitation of time fixed for an appeal to the court from the granting of a variance by a zoning board of appeals. The plea in abatement should have been overruled.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.