VIENO L. HUHTA ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY OF STAMFORD ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, JS.

Argued June 3—decided June 23, 1964

*Julius B. Kuriansky,* for the appellants (plaintiffs).

*Maurice J. Buckley,* for the appellees (defendant Coughlin et al.).

*Theodore Godlin,* for the appellee (defendant board).

House, J. The four individual defendants were the common owners of a parcel of land in Stamford adjacent to the Merritt Parkway. The lot contained about .96 of an acre in a designed business zone and about 1.37 acres in a residential zone. Pursuant to § 19 (A) (2) (d) of the Stamford zoning regula-

tions,[1] they made application to the zoning board of appeals "that the use permitted in the least restricted [designed business] section of their property . . . be extended into the more restricted [residential] section" so that the entire lot could be used for a motel, a permitted use in the designed business zone. Stamford Zoning Regs. § 9 (B) (2) (a) (1960). At the public hearing on their application, plans for a motel were presented. Subsequently, revised plans were submitted to the board of appeals, which thereupon granted the application.

The plaintiffs have appealed to this court from the judgment of the Court of Common Pleas dismissing their appeal from the decision of the board of appeals. Although other issues are raised by the appeal, the principal and decisive claim of the plaintiffs is that the board of appeals did not comply with the requirements of § 19 (A) (2) (c) of the zoning regulations because it did not refer the defendants' application to the planning board before taking action on it.[2]

In approving the application, the board of appeals was actually granting a special exception. Whether or not that precise term is used in the particular zoning regulations is not material. See *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 678, 192 A.2d 886; *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160; *St. John's*

---

[1] "[Stamford Zoning Regs. § 19 (A) (2) (d) (1960)] Where a zone boundary line divides a lot in single ownership at the time of the passage of these regulations, the Zoning Board of Appeals may allow a use permitted in the least restricted section of the lot to extend into the more restricted section of the lot, but such extension shall be limited to not more than the width, depth and area of the least restricted section of such lot, and shall be subject to the applicable standards for special exceptions set forth herein."

[2] "[Stamford Zoning Regs. § 19 (A) (2) (c) (1960)] No action shall be taken by the Zoning Board of Appeals on any application

*Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 714, 184 A.2d 42. A special exception allows a property owner to put his property to a use which the regulations expressly permit under conditions specified in the zoning regulations themselves. *Summ* v. *Zoning Commission,* supra; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 636, 109 A.2d 256; Baldwin, "Variances and Exceptions in Zoning," 32 Conn. B.J. 1. These conditions, prescribed in the regulations, cannot be altered by the board of appeals. *Abramson* v. *Zoning Board of Appeals,* 143 Conn. 211, 213, 120 A.2d 827; *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 532, 102 A.2d 316.

In *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 668, 154 A.2d 520, we had occasion to note that the Stamford zoning regulations as they then existed made no provision for the conditions under which the Stamford board of appeals could grant special exceptions. It is a fair assumption, as the defendants suggest, that § 19 of the regulations was adopted after that opinion in order to correct this deficiency. The requirement of referral to the planning board for recommendation in § 19 is similar to the requirement of § 8-3a of the General Statutes and is an obvious recognition of the fact

for authorization of a special exception, until 30 days after referral of said application by the Zoning Board of Appeals to the Planning Board for its advisory recommendations, which recommendations, however, shall not be binding upon the Zoning Board of Appeals.

"The Planning Board reviewing such matters shall determine, in its opinion, whether or not the proposed use is in reasonable harmony with the various elements and objectives of the Master Plan and the comprehensive zoning plan, and in the case of a recommendation for approval, may suggest conditions deemed to be necessary in the granting of any such application."

that cooperation between planning and zoning boards should react to the benefit of the municipality. See *Ferndale Dairy, Inc.* v. *Zoning Commission,* 148 Conn. 172, 177, 169 A.2d 268. This procedure is also consistent with the Stamford charter provisions which prohibit the zoning board from changing the zoning map to permit a use in an area contrary to the general use prescribed by the master plan of the planning board. Stamford Charter §§ 552, 520; 26 Spec. Laws 1234, 1228; *Josephson* v. *Planning Board,* 151 Conn. 489, 492, 199 A.2d 690.

Under § 19 (A) (2) (c) of the regulations in effect at the time the subject application was filed, the board of appeals was not authorized to take any action on this application for a special exception until thirty days after referring it to the planning board for its advisory recommendations. In acting on the application without making the prescribed referral, the board acted illegally, and its action cannot be sustained. *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 250, 83 A.2d 201.

The defendants have attempted to raise in this court the question of the jurisdiction of the Court of Common Pleas to entertain the plaintiffs' appeal, asserting that, since it appears in the record that the decision of the board of appeals was made on July 25, 1961, and the plaintiffs' appeal is dated August 10, 1961, the appeal was not timely. It is true that whenever the absence of jurisdiction is brought to the notice of the court, cognizance of the fact must be taken and the matter determined. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160. In this instance, however, the record is barren of facts essential to support the defendants' claim. The time within which the plaintiffs could appeal from the action of the board of appeals was

governed by § 8-7 of the General Statutes. *Leonard v. Zoning Board of Appeals,* 151 Conn. 646, 648, 201 A.2d 466; *Aurora* v. *Zoning Board of Appeals,* 151 Conn. 378, 380, 198 A.2d 60. The record does not disclose whether the decision was filed in the office of the clerk in Stamford or notice of the filing was published in a newspaper having a substantial circulation in Stamford. In the absence of these facts in the record, there is no basis upon which this court can determine the validity of the defendants' jurisdictional attack.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.