Sʜᴇʟʟ Oɪʟ Cᴏᴍᴘᴀɴʏ ᴇᴛ ᴀʟ. *v.* Zᴏɴɪɴɢ Bᴏᴀʀᴅ ᴏғ
Aᴘᴘᴇᴀʟs ᴏғ ᴛʜᴇ Tᴏᴡɴ ᴏғ Bʟᴏᴏᴍғɪᴇʟᴅ

Aʟᴄᴏʀɴ, Hᴏᴜsᴇ, Tʜɪᴍ, Rʏᴀɴ and Cᴏᴠᴇʟʟᴏ, Js.

Argued November 10, 1967—decided January 23, 1968

*Arnold W. Aronson,* for the appellant (defend-
ant).

*L. Paul Sullivan,* for the appellees (plaintiffs).

THIM, J. The plaintiff Lemuel O. Glaubinger is the owner and the named plaintiff is the lessee of a two-bay automotive service station which is in a B-1 zone of Bloomfield. The plaintiffs desire to add a third service bay to their station. An automotive service station is a specially permitted use in a B-1 zone. Bloomfield Zoning Regs., art. 2 § 8, art. 4 § 3, art. 5 § 5 (Rev. 1965). The defendant board is required to pass on all applications for special permits. Bloomfield Zoning Regs., art. 5 § 5 (A) (4) (Rev. 1965). A special permit for a structure, such as that proposed by the plaintiffs, could not be granted by the board unless it was satisfied that the structure would not have an adverse effect on the neighborhood and on the town.[1] Article 4, § 3, of the regulations provides in part: "Under no circumstance shall a permit be issued for the erection or enlargement of . . . a motor vehicle service station . . . in any business . . . zone, if any part of the lot or plot in question is situated within a distance of four hundred feet as measured along the public streets in which portion there exists: 1. A public school . . . conducted for children under sixteen years of age, and giving regular instruction at least five days a week for eight or more months a year."

---

[1] "[Bloomfield Zoning Regs., art. 5 § 5 (B) (3) (Rev. 1965).] . . . [N]o permit for special exceptions shall be issued by the Board unless it finds in each case the proposed building or structure or the proposed use of land (a) Will not create or increase a traffic hazard, fire hazard, or panic hazard. (b) Will not block or hamper the Town pattern of highway circulation. (c) Will not affect adversely the Town's income from taxation by removing considerable real property from the grand list. (d) Will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics."

Measured along public streets, the plaintiffs' property is some 215 feet from school property. The plaintiffs applied to the local building inspector for a building permit to allow the construction of the third-bay addition to the service station. He denied their application and informed them that they would have to seek the permission of the board.

The plaintiffs filed an application with the board. In their application, they stated that the erection of the proposed third service bay would not conform to the zoning regulations. Apparently, the plaintiffs were seeking something more than a special permit from the board, because a special permit allows the property owner to use his property in a way which the zoning regulations expressly permit under the conditions specified in the regulations themselves. *Huhta* v. *Zoning Board of Appeals,* 151 Conn. 694, 697, 202 A.2d 139; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472. Although the plaintiffs now make the claim that by filing their application with the board they were seeking to appeal the action of the building inspector in denying their application, it is quite apparent from the record that this was not the theory on which they were proceeding at the time they filed their application with the board.

The board held a hearing on the application. At the hearing the plaintiffs represented that they were seeking to have the board vary the application of article 4, § 3, of the zoning regulations. They stated that their property was within 400 feet of school property. They represented to the board that the proposed addition would be in harmony with the area, would enable them to provide better service for the customers of the station, and would provide them with additional income from the

operation of the station. At the conclusion of the hearing, the board voted to deny the request for the variance. It gave as its reason that no hardship existed which would justify the granting of a variance. The Court of Common Pleas, in sustaining the plaintiffs' appeal, held that the construction of the third service bay would not constitute an "enlargement" of the service station within the meaning of article 4, § 3, of the regulations. The court also concluded that the distance requirement of the aforementioned regulation was "too vague and uncertain in its language to be reasonably understood and enforced . . . [and that its enforcement] would result in practical difficulty and unnecessary hardship to the owner of the property."

We disagree with the court's conclusion that the proposed construction will not constitute an enlargement of the service station. The regulation refers to the "erection or enlargement of . . . a motor vehicle service station." The term "erection" obviously refers to the physical erection of the station itself. "Enlargement" then obviously refers to the physical enlargement of an existing station. An examination of the appendices to the briefs reveals that the plaintiffs contemplate an addition fourteen feet by twenty-eight feet to the existing station. This is clearly an "enlargement" of the station within the meaning of the regulation.

We also disagree with the court's conclusion that the "vague and uncertain" language of this regulation results in an unnecessary hardship. Even if it could be concluded, a point which we do not decide, that the distance requirement of the regulation, as applied to the present case, is vague and uncertain, there is nothing in the record which indicates that any unusual hardship is created thereby.

Of course, every property owner should be able reasonably to ascertain how he can use his property in compliance with the zoning regulations. *Lebanon* v. *Woods,* 153 Conn. 182, 191, 215 A.2d 112. Under certain circumstances, the uncertainty as to the application of a regulation may create an unnecessary hardship which would justify the granting of a variance. *Leveille* v. *Zoning Board of Appeals,* 145 Conn. 468, 472, 144 A.2d 45. In the present case no such circumstances exist. From all that appears, the hardship which the alleged uncertainty of the regulation creates is merely financial. This factor alone would not justify the granting of a variance. Ibid.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.