W A T R, Inc., et al. *v.* Zoning Board of Appeals
of the Town of Bethany

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued March 4—decided April 22, 1969

*Jerrold H. Barnett,* for the appellants (plaintiffs).

*Robert J. Engelman,* with whom, on the brief, was *Max H. Schwartz,* for the appellee (defendant).

Ryan, J. W A T R, Inc., hereinafter referred to as the plaintiff, holds an option to purchase a parcel

of land consisting of three acres owned by the New Haven Water Company in the town of Bethany. The property is in an R-130 residential zone and is used by the water company as a water shed. On October 24, 1966, the plaintiff applied to the Bethany planning and zoning commission for a permit to erect on this land an 874-foot television transmission tower of the "pencil" type to be supported by guy wires, and a transmission building. On January 6, 1967, the commission denied the plaintiff's application on the grounds that the proposed tower and building were not within the categories of allowable uses in the R-130 zone, that the proposed tower exceeded the height limitations imposed for this zone, that the area of the proposed building would violate the minimum square-foot requirements for buildings in this zone, and that, since guy wires would necessarily be an integral part of the tower structure, minimum side-yard requirements would also be violated. The commission further said that "[i]t is not in our power to make any exceptions to the rules laid down in the Regulations, but the Zoning Board of Appeals is empowered to grant variances."

Thereafter, on January 9, 1967, the plaintiff applied to the defendant zoning board of appeals for a special exception pursuant to § 4.1 (1) of the Bethany zoning regulations[1] to permit the use of the property for a transmission tower and building and for variances under § 10.2 (b) of the regulations for the height of the tower, the floor area of the

[1] "[Bethany Zoning Regs. § 4 (1962 as amended).] RESIDENTIAL ZONE USES & REGULATIONS 4.1 *Permitted Uses* In a Residential Zone buildings and premises may be used and buildings may be erected or structurally altered which are arranged, intended, and designed to be used only for the following purposes provided that the residential character of the property is maintained: . . . 1. The Zoning Board of Appeals may, upon application and after public notice and hearing,

building and the side-yard requirements. After a public hearing, the defendant board denied an exception to permit the use of the property for a television transmission tower and building on the following grounds: "The T.V. installation does not serve the public convenience, safety and welfare. Also the installation would not be the most appropriate use of the land." The height variance was also denied on the ground that the plaintiff had shown no hardship under § 10.2 (b) of the regulations. The board granted variances for the area of the building and for the side-yard requirements for the guy wires on condition that the plaintiff fence in an area fifty feet square at each guy wire anchor to a height of eight feet. The defendant also imposed a general condition that a fence eight feet in height be erected around the tower transmission building and service areas. It must be noted in passing that the granting of the variances was meaningless in view of the denial of the special exception requested. The plaintiff appealed from the action of the board to the Court of Common Pleas. From the judgment of the Court of Common Pleas dismissing its appeal, the plaintiff has appealed to this court.

The plaintiff assigns error in the following conclusions of the trial court: (1) Section 4.1 (1) of the regulations constituted an illegal delegation of authority from the planning and zoning commission to the zoning board of appeals. (2) Section 4.1 (1) lacked adequate standards under which the board could exercise its authority. (3) The board did not

where in its judgment the public convenience and welfare will be served and appropriate use of the adjoining properties (including those separated from the premises in question only by a public highway) will not be substantially injured, allow other uses not specifically permitted hereunder and not specifically prohibited under Section 8. of these regulations."

abuse its discretion in denying the plaintiff's application.

In zoning matters, the town of Bethany has been acting under the provisions of the general zoning enabling act since February 11, 1952.[2] The power to determine what are the needs of a town with reference to the use of property located in it and to legislate in such a manner that those needs will be satisfied is vested exclusively in the zoning commission by § 8-2 of the General Statutes. *Cymerys* v. *Zoning Board of Appeals,* 151 Conn. 49, 52, 193 A.2d 521; *Finch* v. *Montanari,* 143 Conn. 542, 545, 124 A.2d 214; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 635, 109 A.2d 256. A zoning commission may not constitutionally delegate this legislative power to a zoning board of appeals. 3 Anderson, American Law of Zoning § 15.09, p. 95; 8A McQuillin, Municipal Corporations (3d Ed. Rev. 1965) § 25.238; see *Benoit* v. *Zoning Board of Appeals,* 148 Conn. 443, 446, 172 A.2d 71. Section 8-2, however, does provide that, in adopting zoning regulations, the zoning commission "may provide that certain classes or kinds of buildings, structures or use of land are permitted only after obtaining a special permit or special exception from a . . . zoning board of appeals . . . subject to standards set forth in the regulations and to conditions necessary to protect the public health, safety, convenience and property values."

One of the plaintiff's basic claims is that the Bethany zoning regulations permit the granting of special exceptions by the zoning board of appeals and that § 4.1 (1) of the regulations adequately specifies the "classes or kinds of buildings, struc-

---

[2] See Town of Bethany Ordinances and Special Acts Operative on March 1, 1968, p. 6.

tures or use of land" which the zoning board of appeals may permit in an R-130 zone, subject to the standards enumerated therein. A special exception allows a property owner to put his property to a use which the regulations expressly permit under the conditions specified in the zoning regulations themselves. *Shell Oil Co.* v. *Zoning Board of Appeals,* 156 Conn. 66, 68, 238 A.2d 426; *Gregorio* v. *Zoning Board of Appeals,* 155 Conn. 422, 430, 232 A.2d 330; *Huhta* v. *Zoning Board of Appeals,* 151 Conn. 694, 697, 202 A.2d 139; *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 77, 147 A.2d 472; see 3 Anderson, op. cit. § 15.01, p. 83; 2 Rathkopf, Law of Zoning and Planning (3d Ed.), p. 54–5. The zoning regulations, and not the board, determine what uses may be allowed as special exceptions. The function of the board in this connection is to determine whether or not a proposed use falls within one of the special exceptions expressly permitted by the regulations. *Jeffery* v. *Planning & Zoning Board of Appeals,* 155 Conn. 451, 461, 232 A.2d 497; 2 Rathkopf, loc. cit.

Section 4.1 (1) of the regulations authorized the zoning board of appeals upon application, to allow other uses "not specifically permitted" in a residence zone "and not specifically prohibited under Section 8" of the regulations. Section 8 lists numerous uses of the most undesirable type which are prohibited anywhere in the town of Bethany. Section 4.1 (1) of the regulations purports to confer on the zoning board of appeals the power to determine what other uses may be allowed, and it does not limit the board in any way to a determination of whether or not a proposed use falls within one of the special exceptions expressly permitted by the regulation. The

planning and zoning commission in adopting this regulation had no authority to delegate such broad power to the board of appeals. The attempt to do so was a violation of the express provisions of § 8-2 of the General Statutes and of the holdings of this court in the several cases cited above. The plaintiff urges that, since § 4.1 (1) requires the board in its judgment to determine that "the public convenience and welfare will be served and appropriate use of the adjoining properties . . . will not be substantially injured," there are adequate standards under which the board could act in allowing the "other uses" provided therein. Although in *Rocchi* v. *Zoning Board of Appeals,* 157 Conn. 106, 114, 248 A.2d 922, where similar language was used, we held that "[t]hese criteria are sufficient to pass constitutional muster," that case does not support the plaintiff's position because the regulation referred to in the *Rocchi* case specifically authorized the special exception granted by the zoning board of appeals. See Id., 108 n. The regulation in the instant case fails to define expressly any use which the board of appeals may permit as a special exception.

The conclusion of the trial court, that § 4.1 (1) of the regulations is invalid, was correct.

It is, therefore, unnecessary to discuss the remaining assignment of error.

There is no error.

In this opinion the other judges concurred.