[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action appealing from the denial of a request for a Special Permit brought pursuant to Section 8-8 and 8-9
of the Connecticut General Statutes. The plaintiff, CT Page 1278 McDonald's Corporation had applied for a Special Permit pursuant to the zoning regulation of the Town of Tolland, 16.02. The application was for the development of a restaurant on a 2.3 acre parcel of land located on the westerly side of Route 195, just south of its intersection with Interstate 84 in Tolland, Conn., being a portion of a fifty acre tract.
On September 26, 1988 the defendant Commission held a public hearing on the application and due to the number of persons who attended the hearing and the number of matters to be discussed it was necessary to continue the hearings to October 17, 1988 and finally to November 7, 1988 when the public hearings were completed. During the public hearings which lasted over ten hours the Commission heard evidence and statements from experts on such matters as traffic, environmental concerns including septic tank requirements, landscaping proposals, consulting engineers, health experts and many members of the general public. (See Return of Record — Transcript of Public Hearings September 26, 1988, October 17, 1988 and November 7, 1988, #1 and documents and reports attached therein). On November 7, 1988 the defendant Commission denied the Special Permit application and stated in its letter of denial to the plaintiff's attorney that "the proposal would be to the public detriment relative to traffic, traffic safety and environmental concerns." (Return of Record #74).
At a hearing he's on August 3, 1990 the plaintiff offered as evidence of aggrievement testimony of Cynthia Rasmussen who is a real estate manager for the plaintiff. She testified that she was familiar with the location and that the plaintiff has leased the land involved for a period of twenty years plus four five year options. She further testified that the plaintiff had spent over $140,000.00 in expenses for this particular project and that McDonald's expects to make a profit on this project. Based on the above stated testimony Court finds that the plaintiff is an "aggrieved person" within the purview of the statute and has standing to take the appeal. (Sections 8-8, 8-9, Conn. General Statutes.)
At the conclusion of the hearing the Court took a view of the site. The proposed restaurant was to be located on a fifty acre parcel located on the west side of Route 195 several hundred feet easterly of I-84. The site sloped upward from Route 195 in a westerly direction. Sight lines along Route 195 were clearly visible both north and south for several hundred feet. There was a marsh land located westerly of the site. The soil appeared to be sandy on the CT Page 1279 surface.
The plaintiff, in its brief, makes two basic claims which are:
1. There is no reasonable support in the record for the action of the Commission or for the stated reasons for its actions in that the plaintiff supplied uncontroverted evidence of the compliance with all the requirements for the issuance of a special permit.
2. The action of the Defendant Commission was actually based upon unstated and unlawful reasons beyond the scope of the applicable regulations.
With respect to the first claim the Court recognizes that the zoning authority, acting in its administrative capacity, is to determine whether the applicant's proposal meets the requirements set forth in the regulations. A special exception allows a property owner to a use which the regulations expressly permit under the conditions specified in the zoning regulations themselves. Shell Oil Co. v. Zoning Board of Appeals, 156 Conn. 66, 68; Gregorio v. Zoning Board of Appeals, 155 Conn. 422, 430; Huhta v. Zoning Board of Appeals, 151 Conn. 694, 697; Summ v. Zoning Commission,150 Conn. 79, 87; Fox v. Zoning Board of Appeals, 146 Conn. 70,
Under Section 23.01 of the regulations the Commission is directed to review many factors including traffic flow patterns, lighting, landscaping, building placement, sanitary requirements, erosion controls, drainage devices, environmental and social impact, site-line and pedestrian circulation patterns.
The plaintiff contends based upon the extensive testimony of its expert witnesses plus uncontroverted testimony of state and local officials regarding all criteria that had to be met that the Board acted in an arbitrary manner in denying the application.
With respect to traffic it is noted that the firm of Fuss O'Neill, consulting Engineers retained by the Town, reviewed the Traffic Impact Report submitted by the plaintiff and found it acceptable. The information submitted by the plaintiff regarding traffic considerations were rendered by highly trained professional engineers. Pitted against these persons were scores of residents of the Town who expressed grave reservations over traffic problems which they as members of the general public envisioned. CT Page 1280
Some of the concerns involved future use of the remaining portion of the parcel being fifty acres in size (Transcript of public hearing pages 8-10; remarks about a left turn out of the restaurant onto Route 195 would be difficult (Transcript — page 34); the fact that the restaurant would be the last truck stop on I-84 before Massachusetts (Transcript page 69); statements of property owners regarding present traffic problems on Route 195 (Transcript pages 70, 79, 97-103); and finally a statement of plaintiff's own traffic expert who admitted "there'll be significant delays in may cases. . . .especially at peak hours" (Transcript pages 154-167).
With respect to the environmental concerns most of the attention and reports focused on the proposed septic tank installation. The Board was furnished with various detailed reports and plans, were reviewed by the Town's technical staff and were modified numerous times to accommodate the concerns of the Town Planner, Mr. Ronald Blake and other members of his staff. The system was designed to handle fifty percent more sewage than was projected for the proposed restaurant.
The Town Sanitarian raised several doubts as to the adequacy of the system. She mentioned being concerned, with failures of systems of other McDonalds in Connecticut. (Transcript pages 95-96.) She was also concerned with the proximity of the system to the acquifer boundary and the discharge of the system to the acquifer. (Transcript page 40.)
There is no question that this particular application created great interest and opposition in the residents of the community. The feeling of "NIMBY" (not in my backyard) was often and forcefully expressed by the citizens at various stages of the public hearings. The plaintiff contends that the residents of Tolland turned out en mass to oppose the application and the Commission responded to said pressure.
In summary the persons opposing the application voiced concerns over traffic, traffic patterns, environmental concerns with emphasis on sewage treatment and last of all a generalized opposition to having such a restaurant in their community.
Therefore the ultimate issue was whether the Board acted properly in denying the application for the reasons stated by it i.e. traffic, traffic safety and environmental concerns. The plaintiff argues that the true motivation for the denial was that Tolland does not want McDonald's. CT Page 1281
The Court has reviewed the extensive records and reports contained therein.
Local residents can express concerns about traffic safety and boards are well within their rights to take notice of such evidence of local concern. Fears and concerns, based upon reasonable assumption, by the Town Sanitarian may also be properly considered by the Board.
Where it appears from the record that the action of a zoning authority rests on more than one ground, the authority's action must be sustained so long as the record supports at least one of the grounds. Hoagland v. Zoning Board of Appeals, 1 Conn. App. 285, 290 and cases cited therein.
Although the plaintiff is to be commended for making an elaborate effort to meet all the concerns voiced by the opposition the Court finds that the defendant Board acted properly in denying the application based on the evidence is had before it. "When an agency states the reasons for the action, "the job for the Court is simply whether the reasons assigned are reasonably supported by the record." Zieky v. Town Planning and Zoning Commission, 151 Conn. 265, 267.
"The settled standard of review of questions of fact determined by a zoning authority is that a Court may not substitute its, judgment for that of the zoning authority, as long as it reflects an honest judgment reasonably exercised. " Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49. The Court's review is based on the record, which includes knowledge of the Board members gained through personal knowledge of the site; or through personal knowledge of the area involved. Burnham v. Planning and Zoning Commission189 Conn. 261, 267 ; Dubiel v. Zoning Board of Appeals,147 Conn. 517, 522.
For the reasons stated above the appeal is dismissed and judgment may enter for the defendant.
JACKAWAY, J.