[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action the plaintiffs appeal from the doings of the named defendant in failing to reverse the action of the Zoning Enforcement Officer in revoking a Certificate of Zoning Compliance that had been issued to them and in denying their application for a variance to permit the continued existence of an exterior stairway.
The plaintiffs own a three family house. In a routine inspection by the fire marshal on June 26, 1989, it was determined that in violation of the fire code there was not a second means of egress from the third floor apartment. They were ordered by the marshal to remedy the problem. They hired a contractor to construct an exterior stairway. The contractor applied for and was issued a building permit. The application was somewhat confusing in that it was for the replacement of a deck, but various dimensions on it were inconsistent with that. In any event, the contractor proceeded to build an exterior stairway. The work was inspected while in progress and various changes were ordered during the course of construction. When the work was completed, it was satisfactory to the building inspector and the fire marshal. After completion, it was inspected for the first time by the assistant zoning enforcement officer who apparently noticed some zoning violations with respect to setback lines but under the impression that fire safety requirements superseded zoning regulations he, on September 20, 1989, issued a certificate of zoning compliance. His superior, the zoning enforcement officer, revoked that certificate on October 6, 1989. On October 20, 1989, the plaintiffs filed with the B.Z.A. an appeal from the revocation and an application for variances which, if granted, would cure the defects. This was withdrawn and an appeal and application was again filed on January 19, 1990. That was also withdrawn and a third appeal and application was filed on February 16, 1990. A hearing was held on March 5, 1990 and the upshot was a denial of both the appeal and the application. This lawsuit followed.
With regard to the appeal, Connecticut General Statutes 8-7
imposes a time limit of thirty days on any appeal from an action of a zoning enforcement officer. That action was taken on October 6, 1989. The only operative appeal was taken on February 16, 1990 so the Board was without jurisdiction to hear it.
As to the denial of the application for a variance, the record demonstrates that the concern of the Board was not so much with granting some degree of variance but with the extent requested. There was no evidence presented that an acceptable exterior stairway of much lesser dimensions and consequently requiring much less of variances could not be constructed. Therefore I cannot find that the denial constituted a confiscation of the plaintiffs' property. CT Page 7020
In this case, the plaintiffs allege that improper influence was exerted on the Board that caused the denial of the variance. As such a charge would not be demonstrated by the record, I permitted an evidentiary hearing on this aspect of the case. All that came out at that hearing boiled down to the fact that an abutting owner who opposed the variance was the mother of a former alternate member of the Naugatuck Zoning Commission who presently is the Town Planner of Southbury and who had been Zoning Enforcement Officer of the adjacent Town of Prospect, had on occasion had contacts with people involved in zoning in Naugatuck, but her uncontradicted testimony was that those contacts were as to matters of mutual concern and the only reference she ever made to this matter was to inquire as to its status. For me to infer improper influence from that would require sheer speculation.
Much has been made of the financial hardship imposed on the plaintiffs by the denial. I accept that they spent approximately $10,000 on building the staircase and this would be money down the drain if they have to dismantle it. However, it is well settled that, with only rare exceptions that do not apply here, economic considerations do not constitute a hardship sufficient to justify a variance. Shell Oil Co. v. Zoning Board of Appeals, 156 Conn. 66.
Much also has been made of the fact that in entire good faith they relied upon Naugatuck officers, especially the Fire Marshal who told them a second means of egress was mandatory and the Building Inspector who not only issued a permit, but also approved the work as completed and the initial action by the assistant zoning enforcement officer who did issue a certificate of compliance. It is, however, important that no zoning official was aware of the encroachment on setback lines until after the work was done, so they clearly did not change their position in reliance upon any such zoning official.
No one questions the good faith of the plaintiffs, but their quarrel should be with their contractor, who certainly should have been aware of setback requirements and who should have either designed stairs that complied or whose encroachment would be minimal and therefore would stand a much better chance of securing approval of variances.
Regretfully, the appeal must be denied.
J. HEALEY, STATE TRIAL REFEREE. CT Page 7021
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7022
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7023
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7024
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7025
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7026
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7027
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 7028