[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from a decision or the New Britain Zoning Board of Appeals granting a variance.
On or about April 15, 1991, West Main Street Associates submitted an application for a variance to the New Britain Zoning Board of Appeals. A public hearing was held on CT Page 7878 the matter on May 28, 1991. The application for a variance was approved and a notice of decision was published on June 1, 1991 in the New Britain Herald.
The property located at 667-677 West Main Street currently houses a bar or lounge known as Molly Malone's, and a nightclub called The Sting. The owner, defendant West Main Street Associates, seeks to use the remaining portion of the property for an off-track betting (OTB) parlor. The zoning enforcement officer has determined that under section 240-10-20 of the zoning ordinances 320 parking spaces would be required for this combination of uses. Since the property only has 199 spaces, the defendant West Main Street Associates sought upon the advice of the zoning enforcement officer and was granted the aforementioned variance by the Zoning Board of Appeals.
In granting the variance, the ZBA acted under the authority of Conn. Gen. Stat. sec. 8-6(3). The appellants Stanley Works and American Savings Bank have appealed the granting of the variance and the court finds that they are abutting landowners under the provisions of Conn. Gen. Stat. sec. 8-8. The appellant Wnuk has standing to appeal the variance in his capacity as zoning enforcement officer. Bouvier v. Zoning Board of Appeals of the Town of Monroe, 28 Conn. Sup. 278, 285 (1969); Conn. Gen. Stat. sec. 8-8. All plaintiffs are therefore aggrieved and have standing to pursue this appeal.
Where the ZBA has granted a variance, the burden of establishing that the decision to grant a variance should be overturned rests with those parties opposing the variance. Goldreyer v. Zoning Board of Appeals of the City of Bridgeport,144 Conn. 641, 646 (1957). A trial court can sustain the plaintiff's appeal only upon a determination that the zoning authority acted unreasonably, arbitrarily, or illegally; a court must not substitute its own judgment for that of the local zoning authority as long as honest judgment has been reasonably and fairly exercised. Baron v. Planning and Zoning Commission of the Town of Haddam, 22 Conn. App. 255, 257 (1990).
Section 240-10-20 of the Zoning Regulations concerns the method used to determine off-street parking space requirements for combination uses and provides that "the requirement for a combination use made up of several component uses shall be determined by establishing the requirements for each component use from the schedule of such requirements which is a part of this section, and adding them together." Section 240-10-20 of the zoning regulations provides that "if the use is not specifically listed in the schedule of such requirements, the requirement shall be the same as for the most similar listed use." CT Page 7879
The central issues in this case are whether the zoning enforcement officer's classifications of The Sting as a restaurant which resulted in 200 parking spaces being required and OTB as a "public or semi-public" building which resulted in a requirement of 100 spaces were arbitrary and capricious and whether such classification may, under the circumstances, constitute a hardship.
Since both OTB, as a facility used for gaming purposes, and The Sting, as a nightclub, are not specifically listed uses with set requirements for off-street parking, these uses must be analogized to the most similarly listed use. However, the zoning enforcement of officer's classifications of The Sting as a restaurant was wholly arbitrary. In fact, the zoning enforcement officer had first believed that The Sting should be designated a theatre. Similarly, the classification of OTB as a "public or semi-public" building was arbitrary. In addition, the manner in which the zoning enforcement officer arrived at a requirement for 100 parking spaces for the OTB operation was almost ludicrous. He determined that one parking space was necessary for every eight seats, and having determined the square footage for the eight seats from the state building code, which is not mentioned in the zoning ordinance, he then divided that into the total of 1,800 square feet to arrive at a requirement of 100 parking spaces. The zoning enforcement officer's calculations made no allowance for aisle space or any open area within the OTB. There was absolutely no way any applicant could determine the amount of parking required under the ordinance.
The authority of the Zoning Board of Appeals to grant a variance under Connecticut General Statutes sec. 8-6 (3) requires the fulfillment of two conditions: "1) the variance must be shown not to affect substantially the comprehensive plan, and 2) adherence to the strict letter of the zoning ordinances night be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Grillo v. Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
It should initially be noted that granting a variance in this matter would not substantially affect the comprehensive plan because the property is in a commercial zone. Also, since an OTB parlor already exists in New Britain, its relocation to this B-2 zone would not affect the comprehensive plan.
The issue then becomes whether the zoning enforcement officer's arbitrary classifications of The Sting as a restaurant and OTB as a public or semi-public building constitute the type of hardship for which a variance may be granted. "Every property owner should be able reasonably to ascertain how he CT Page 7880 can use his property in compliance with the zoning regulations." Shell Oil Co. v. Zoning Board of Appeals, 156 Conn. 66,70 (1968); see also Planning and Zoning Commission v. Gilbert,208 Conn. 696, 705 (1988). The interpretation of certain regulations by the zoning enforcement officer to a particular piece of property is ordinarily challenged by means other than seeking a variance. See Thorne v. Zoning Board of Appeals,156 Conn. 619 (1968); Coppola v. Zoning Board of Appeals, 23 Conn. App. 636
(1990). However, under certain circumstances, uncertainty concerning the application of a zoning regulation may create unnecessary hardship which would justify the granting of a variance. Shell Oil Co., 156 Conn. at 70; Leveille v. Zoning Board of Appeals, 145 Conn. 468, 472 (1958). The uncertainty of the regulations in this case presents such a hardship since the zoning enforcement officer did not make his determination concerning the appropriate number of parking spaces until two uses, The Sting and Molly Malone's Pub, were fully operational and the proposed use, OTB, was already the subject of a lease.
The plaintiffs claim that the hardship was self-created and the Zoning Board of Appeals therefore lacks the power to grant a variance. The hardship in this instance was not caused by the applicant's voluntary act. Rather, the hardship resulted from the zoning enforcement officer's arbitrary application of the zoning regulations, which claim appears in the record before the Zoning Board of Appeals and in the testimony heard by the court. Moreover, it is important to reiterate that the applicant did not know his uses would be prohibited until after the zoning enforcement officer engaged in a arbitrary application of the zoning regulations. Since this interpretation of the regulations occurred subsequent to the actual use of The Sting and the lease for OTB, the hardship in this case was not self-created.
"The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance; . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved." Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 558 (1980). The hardship in this case fits the above description. The hardship in the instant matter finds its origin in the failure of the regulations to specify parking space requirements for the nightclub and CTB uses. Thus, when the Zoning enforcement officer arbitrarily classifies such uses it is an action beyond the control of the applicant who could not have possessed a prior awareness that such uses would be prohibited by parking space requirements.
"For a hardship to justify the granting of a variance, the hardship must be different in kind from that affecting CT Page 7881 generally properties in the same zoning district." Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 238
(1972). Since only the applicant sought to combine the unclassified nightclub and OTB uses in an area where the zoning enforcement officer's interpretation of the regulations would have prohibited such uses due to parking limitations, the hardship was unique to the applicant. Moreover, the hardship was of sufficient severity to justify a variance. The reason that the hardship was so severe is that the zoning enforcement officer's arbitrary classification of The Sting as a restaurant required such a great number of parking spaces (200 in an area where only 199 were available) that the property on which the applicant seeks to locate OTB could not have been used for any purpose if the zoning enforcement officer's interpretation were to remain effective.
The plaintiffs contend that the decision of the ZBA should be overturned because the ZBA failed to state on the record the unusual hardship. However, the provisions of the Connecticut General Statutes which appear to require the ZBA to record its reasons for the action taken are directory rather than mandatory. Gulliot v. Zoning Board of Appeals, 26 Conn. Sup. 260, 253 (1966). Where the ZBA has granted a variance, the court may search the record to find a basis for the action taken. Ward v. Zoning Board of Appeals, 153 Conn. 141, 144
(1965). A search of the record reveals that the basis for the claim of hardship was the lack of specificity in the zoning regulations concerning the classification of the uses at issue and the arbitrary classification of these uses by the zoning enforcement officer. (Tr. 24, 31, 33). Therefore, the record and the additional testimony before the court does reveal the basis for the hardship that resulted in the granting of the variance.
Finally, the plaintiff claims that in granting the variance, the ZBA rejected the testimony of a traffic expert who conducted a study of the area. However, the ZBA also heard the applicant discuss the staggered nature of the parking situation at the site. Specifically, it was noted that OTB and The Sting would not often overlay in terms of hours of use and therefore parking and traffic would not be adversely affected. Additionally, it should be noted that lay members of the commissions are permitted to rely upon their personal knowledge concerning matters readily within their competence, such as traffic congestion and street safety. Feinson v. Conservation Commission, 180 Conn. 421, 427 (1980).
Accordingly, the court concludes that the plaintiffs have failed in their burden of establishing that defendant ZBA acted unreasonably, arbitrarily, or illegally in the granting of CT Page 7882 the variance and plaintiffs' appeals are dismissed.
JOSEPH H. GOLDBERG SENIOR JUDGE