[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
The following facts are alleged in the plaintiff's appeal. The Parks and Recreation Department of the City of Middletown and the Maguire Group, Inc, applied to the Planning Zoning Commission of the City of Middletown (the "Commission") requesting a special exception to permit public park development within an R-30 zone for property located at Country Club Road, Middletown, Connecticut (the "subject premises").
The Commission granted the application and notice of the decision was published in the Middletown Press on June 20, 1991.
The plaintiff alleges that he owns land abutting the CT Page 6200 subject premises. The plaintiff further alleges that he is aggrieved by the Commission's decision because it has denied him the benefit of the Middletown Zoning regulations (the "Regulations") which protect the value of his property, provide for a safe and convenient access for traffic in the surrounding area and provide for an orderly pattern of development in the Middletown community.
The plaintiff alleges that the Commission acted illegally, arbitrarily and in abuse of its discretion for the following reasons.
 a. The Commission acted improperly in failing to pass a condition for a fence separating the western boundary of the subject premises from the plaintiff's property;
 b. the Commission acted improperly in finding that said location is suitable for the applicants' intended use as required by General Statutes 7-148[1] and 8-24[2] because the location and master plan do not provide a safe entrance and exit from the proposed park in light of existing traffic patterns and conditions;
 c. the Commission acted improperly in finding that the condition of increasing the buffer of the western boundary of the proposed park was sufficient to maintain the integrity of the plaintiff's property and provide notice to park users of the parameters of the proposed park;
 d. the Commission acted in derogation of the Regulations[3].
II. DISCUSSION
A. Aggrievement;
General Statutes 8-8(b) provides that "any person aggrieved by any decision of a [planning and zoning commission] may take an appeal to the superior court . . . ." General Statutes 8-8(a)(1) provides that an aggrieved person, for purposes of General Statutes 8-8(b), "includes any person owning land that abutes or is within a radius of one hundred feet of any portion of the land involved in the decision of the [planning and zoning commission]." CT Page 6201
The plaintiff testified at the hearing before this court that he has been at all relevant times and continues to be the owner of property which abuts the subject premises. Accordingly, it is found that the plaintiff is statutorily aggrieved[4].
B. Timeliness:
General Statutes 8-8(b) requires that an appeal of a decision of a planning and zoning commission "shall be commenced by service of process [on the chairman or clerk of the planning and zoning commission and the clerk of the municipality] within fifteen days from the date that notice of the decision was published.
. . . ." See General Statutes 8-8(a)(2), 8-8(e) and8-8(f).
The Commission published notice of the decision in the Middletown Press on June 20, 1991. The plaintiff caused the appeal to be served on Sandra Hutton, the Assistant City Clerk of the City of Middletown, on behalf of the Commission and the Parks and Recreation Department, and on Ann Loffredo, the Chairman of the Commission, and on Joseph Lombardo, Chairman of the Parks and Recreation Department, and on Mary Ellen Foran, Special Assistant Secretary duly authorized to accept service for C.T. Corporation System, the agent for service of process for the Maguire Group, Inc., on July 3, 1991. Accordingly, it is found that the appeal is timely.
C. Standard of Review:
 A special permit allows a property owner to use his property in a manner specially permitted by local zoning, and thus, it is the zoning regulations, not the zoning authority which determine what uses may be allowed under special permits. A.P. W. Holding Corp. v. Planning and Zoning Board, 167 Conn. 182, 185 [, 355 A.2d 91] (1974); WATR, Inc. v. Zoning Board of Appeals, 158 Conn. 196, 200 [, 257 A.2d 818] (1969). When considering an application for a special permit, the Board acts in an administrative capacity and its function is to determine whether the application's proposed use is expressly permitted under the regulations and whether the standards set forth in the regulations are satisfied. Housatonic Terminal Corp. v. Planning Zoning Board, 168 Conn. 304, 307
[, 362 A.2d 1375] (1975). Upon appeal, review of the decision of the local zoning authorities, acting within their administrative capacity, is limited to CT Page 6202 a determination as to whether the zoning authority acted illegally, arbitrarily or in abuse of the discretion vested in it. Tazza v. Planning and Zoning Commission, 164 Conn. 187, 191 [, 319 A.2d 393] (1972). The reviewing court examines the record to determine whether the conclusions of the Board are reasonably supported by the record and pertinent to the considerations that the authority is required to apply. Goldberg v. Zoning Commission, 173 Conn. 23, 25-26 [, 376 A.2d 385] (1977); Dimaria v. Planning and Zoning Commission, 159 Conn. 534, 540 [, 271 A.2d 105] (1970). The court, however, cannot substitute its own judgment for that of the zoning authority. Housatonic Terminal Corp. v. Planning Zoning Board, supra at 306.
Kaplan v. Zoning Commission, 7 CSCR 534, 535 (April 15, 1992, Rush. J)
D. Failure to Provide Buffer:
The plaintiff argues that although the Commission granted the special permit application with the condition that the buffer be increased along the western boundary of the subject premises, the Commission improperly failed to consider an increase in the buffer along other boundaries where there are residential uses similar to that abutting the western boundary of the subject matter.
The record reveals that the Commission did consider increasing the buffer between the subject premises and the plaintiff's property. (Return of Record ("ROR"), exhibit T-2, Transcript of Public Hearing, June 12, 1991, p. 86). Furthermore, the record indicates that a buffer along the western boundary of the subject premises would be particularly appropriate because of the farm animals and farm machinery on the other side of that boundary. (ROR, exhibit T-2, supra, p. 86). Accordingly, it is found that the plaintiff has failed to prove either that the Commission failed to consider this issue or that the Commission's conclusion is not supported by the record. To hold otherwise would be to substitute the court's judgment for that of the Commission.
E. Safety of the Country Club Road Entrance:
The plaintiff further argues that the Commission's action was in derogation of the Regulations, particularly Regulations Secs. 44.04.02[5] and 44.04.04,[6] because the Commission approved the application despite the repeated CT Page 6203 expression of concern by members of the public and by city officials that the proposed Country Club Road entrance to the subject premises would aggravate an already dangerous traffic condition.
The record indicates, however, that the Commission approved the application with the condition that the applicants meet all of the recommendations contained in the memorandum of the City of Middletown Police Department Traffic Division, except the use of a deceleration lane. (ROR, exhibit T-3, Transcript of Public Hearing, June 12, 1991, pp. 88-90; exhibit S-10, Memorandum from the City of Middletown Police Department Traffic Division, March 13, 1991). The remaining recommendations include the "posting of signs from both directions [on Country Club Road] advising of the park entrance and exit ahead," "[t]he use of reflectorized tape in the roadway" and "[a]dequate street lighting . . . so that the entrance area is well lit." (ROR, exhibit S-10, supra, p. 2.) Additionally, the applicants agreed to install a guardrail along a portion of Country Club Road near the entrance to the subject premises. (ROR, exhibit T-2, supra, pp. 27-28, 82.) Furthermore, the record indicates that the parks and Recreation Department of the City of Middletown will be posting a traffic control officer at the Country Club Road entrance during little league tournament games, when the greatest patronage of the park is anticipated. ROR, exhibit T-2, supra, p. 34) Accordingly, it is found that the plaintiff has failed to prove either that the Commission failed to consider Regulations Secs. 44.04.02 and 44.04.04 or that the Commission's conclusion is not supported by the record. Again, to hold otherwise would be to substitute the court's judgment for that of the Commission.
F. Consideration of All Requisite Criteria:
The plaintiff also argues that the Commission improperly failed to consider all of the criteria listed in Regulations Sec. 44.04.
The Commission expressly found that the application met all of the requirements for a special exception. (ROR, exhibit T-3, supra, p. 89.) Regulations Sec. 44.04 lists the specific findings the Commission must make in order to grant a special exception. Regulations Sec. 44.04.01 requires that the proposed use be consonant with the City's Plan of Development. The Commission had before it the "Planning Department Analysis," which states:
The proposal is certainly in conformance with CT Page 6204 the newly adopted Plan of Development. Both in terms of the location within the City and the goals and recommendations regarding parks and recreation. . . As the Plan points out the City should move away from small scattered facilities towards larger more centralized facilities in order to facilitate better maintenance and security. This proposal is certainly in keeping with this policy.
(ROR, exhibits S-7, S-9 and S-13, Planning Department Analysis.) Accordingly, it is found that the plaintiff has failed to prove that the Commission failed to consider Regulations Sec. 44.04.01.
Regulations Secs. 44.04.02 and 44.04.04 have previously been discussed and, it is found, the plaintiff has failed to prove that the Commission failed to consider these criteria.
Regulations Sec. 44.04.04 provides: "VISIBILITY AND ACCESSIBILITY. The proposed use will not preempt frontage on a major highway in such a manner so as to substantially reduce the visibility and accessibility of an interior commercial area zoned or proposed for commercial use which is oriented to the same highway." The subject parcel is entirely in a residential zone, See Regulations Sec. 21.00. Additionally, the maps and surveys appended to the application indicate that no major highway passes near the subject premises. (See, e.g., ROR, exhibit A-9, Site Survey; exhibit A-16, Master Plan; exhibit A-21, Boundary Survey.) Accordingly, it is found that the plaintiff has failed to prove that the Commission failed to consider Regulations Sec. 44.04.03.
Regulations Sec. 44.04.05 provides: "ORDERLY DEVELOPMENT. The proposed use will not result in a fragmentation of the development pattern, thereby creating unnecessary additional points of vehicular conflict with the adjoining highway and adversely affecting the orderly development of surrounding neighborhoods." As stated above, there is evidence in the record that the proposed use in conformance with the Plan of Development. (ROR, exhibits S-7, 5-9 and S-13, supra.) Accordingly, it is found that the plaintiff has failed to prove that the Commission failed to consider Regulations Sec. 44.04.05.
Regulations Sec. 44.04.06 provides: "PROPERTY VALUES AND CHARACTER. The proposed use will not tend to depreciate property values and the character and extend of development of adjoining properties." Although no evidence CT Page 6205 on the record deals explicitly with the issue of property values, there is evidence in the record that the proposed use is in conformance with the Plan of Development. (ROR, exhibits S-7, S-9 and S-13, supra.) Furthermore, other than concerns about the safety of the Country Club Road entrance, the members of the public who spoke at the public hearing were almost unanimously in favor of the park.[7] (ROR, exhibit T-2, supra, Statements of James Marhevka, pp. 40-44; Statement; of Joseph Smith, pp. 47-48; Statements of Arline Rich, p. 48; Statements of Carl Bolz, p. 56; Statements of Cal Vinal, p. 58; Statements of Mark Looney, p. 69; Statements of Rich Levesque, p. 70; Statements of Earl Roberts, pp. 73-75; Statements of Ray Dowley, p. 75; Statements of Norman Belval, p. 76; Statements of Mark Saul, p. 77.) The plaintiff himself stated: "I'm not against the park. I think it's a very good thing." (ROR, exhibit T-2, supra. Statements of Norman Belval, p. 76.) Accordingly, it is found that the plaintiff has failed to prove that the Commission failed to consider Regulations Sec. 44.04.06.
Regulations Sec. 44.04.07 provides: "PARKING AND LOADING. The proposed use will provide off-street parking and loading facilities in accordance with Section 40 of the Zoning Code. Regulations Sec. 40.04.23 provides: "PUBLIC ASSEMBLY FOR CULTURAL, ENTERTAINMENT AND/OR RECREATIONAL USES. One (1) parking space for each three hundred (300) sq. ft. of gross building area per foot. Add plus one space for each four seating capacity." The record indicates that there will be seventy-eight parking spaces in the lower area of the park and one hundred and fifty-four in the upper area. (ROR, exhibit A-16, Master Plan.) The only proposed building, the picnic pavilion, will be thirteen hundred square feet. (ROR, exhibit T-2, supra, p. 79.) The rest of the proposed improvements include playgrounds, baseball fields and soccer fields. (ROR, exhibit T-2, supra, pp. 23, 80-82). Accordingly, given the relatively undeveloped nature of the proposed use and the availability of two hundred and thirty-two parking spaces, it is found that the plaintiff has failed to prove that the Commission failed to consider this criterium.
Regulations Sec. 44.04.08 provides: "COMPLIANCE WITH STANDARDS. The proposed use will meet all the standards set forth herein and set forth in Section 44.08 of the Zoning Code for the type of Special Exception being requested. Regulations Sec. 44.08 contains no regulations which pertain to parks. Accordingly, it is found that Regulations Sec. 44.04.08 is inapplicable and the Commission CT Page 6206 is not required to consider it.
III. CONCLUSION
For the reasons herein stated, it is concluded that the plaintiff's appeal from the defendant's decision approving the application for a special exception ought to be and is hereby dismissed because the plaintiff has failed to prove that the defendant Commission's decision was arbitrary, illegal or an abuse of its discretion.
It is so ordered.
ARENA, J.