[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO DISMISS
The plaintiff, Joseph Coco, appeals from the decision of the City of CT Page 5741-de Danbury zoning commission (Commission) granting the application of Stew Leonard's Vineyards of Norwalk, LLC (Stew Leonard's) for a special permit to place a package store at 59-67 Federal Road in Danbury, Connecticut. The plaintiff alleges that on October 10, 2000, the Commission, after holding a public hearing, rendered an oral decision granting the special permit application. On October 25, 2000, the plaintiff filed this appeal with the court. The individually cited defendants, Stew Leonard's, Commission chairman Theodore Haddad, and Danbury city clerk Betty Crudginton, now move to dismiss the appeal for lack of subject matter jurisdiction.[1]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court" (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Lauer v.Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
The defendants first argue in support of their motions that the plaintiff is not an aggrieved party and, therefore, has no standing to bring the present appeal. In an administrative appeal, the plaintiff must plead and prove aggrievement for the court to have subject matter jurisdiction over the appeal. Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The plaintiff has pleaded that he was aggrieved by the decision of the board. Furthermore, the plaintiff has shown that he is a taxpayer in the city of Danbury.[2] A taxpayer in a zoning appeal involving liquor stores is presumed to be aggrieved and, therefore, has automatic standing to appeal.[3] Jolly, Inc. v.Zoning Board of Appeals, supra, 237 Conn. 193-96; Macaluso v. ZoningBoard of Appeals, 167 Conn. 596, 600-601, 356 A.2d 885 (1975); Cowles v.Zoning Board of Appeals, 153 Conn. 116, 117, 214 A.2d 361 (1965); Londonv. Planning Zoning Commission, 149 Conn. 282, 284, 179 A.2d 614
CT Page 5741-df (1962); Tyler v. Board of Zoning Appeals, 145 Conn. 655, 661, 145 A.2d 832
(1958). The court accordingly concludes that the plaintiff has properly pleaded and proved aggrievement.
The defendants next argue that the complaint does not set forth a date of a published decision from which the appeal is taken, hence the court cannot determine whether the appeal was timely filed. General Statutes § 8-8 (b) states in relevant part, "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. The appeal shall be commenced by service of process in accordance with subsections (e) and (f) of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." The notice of the Commission's decision must have been "published in a newspaper having a substantial circulation in the municipality . . . within fifteen days after such decision [had] been rendered." General Statutes § 8-3c
(b). The defendants assert that because the plaintiff does not allege that the Commission's decision was published, the court cannot determine a date from which to begin the fifteen day service requirement of § 8-8
(b) and, therefore, lacks subject matter jurisdiction over the appeal. For the following reasons, the court disagrees with this contention.
The Supreme Court has held that "the failure to allege the fact and date of publication in the [plaintiff's] complaint is not a jurisdictional defect requiring dismissal of the appeal." Cardoza v.Zoning Commission, 211 Conn. 78, 85, 557 A.2d 545 (1989). The Court has also emphasized the importance of a factual basis for a jurisdictional attack on a zoning appeal in Huhta v. Zoning Board of Appeals,151 Conn. 694, 698-99, 202 A.2d 139 (1964), where the defendants raised the issue of an untimely filing of the plaintiffs' appeal and the record was not clear of the date of the publishing of the decision. "The defendants have attempted to raise in this court the question of the jurisdiction of the [trial court] to entertain the plaintiffs' appeal, asserting that, since it appears in the record that the decision of the board of appeals was made on July 25, 1961, and the plaintiffs' appeal is dated August 10, 1961, the appeal was not timely. . . . In this instance, however, the record is barren of facts essential to support the defendants' claim. The time within which the plaintiffs could appeal from the action of the board of appeals was governed by 8-7 of the General Statutes. . . . The record does not disclose whether the decision was filed in the office of the clerk in Stamford or notice of the filing was published in a newspaper having a substantial circulation in Stamford. In the absence of these facts in the record, there is no basis upon which this court can determine the validity of the defendants' jurisdictional CT Page 5741-dg attack." (Citations omitted.) Huhta v. Zoning Board of Appeals, supra,151 Conn. 698-99; Cardoza v. Zoning Commission, supra, 211 Conn. 83-84.
Although the plaintiff in the present case does not allege whether the decision of the Commission was published, he has alleged that the decision granting the special permit on October to, 2000 was a final decision, thereby giving him the right to appeal under § 8-8 (b). The defendants in the present case have not asserted that the decision of the zoning commission was not published in the period between October 10, 2000 and October 25, 2000;[4] they merely assert that the plaintiff has failed to allege publication, thus depriving the court of subject matter jurisdiction. The fact of the matter is, if the appeal was filed within fifteen days of the decision, a fortiori it was filed within fifteen days of publication of the decision. The court finds that, based on the above reasoning, on the Cardoza and Huhta holdings, the publication requirement of § 8-8c (b), and the fact that defendants do not assert that the decision was not published, the defendants have failed to sustain a jurisdictional attack against the plaintiff's appeal.
The defendants also claim that the plaintiff used an improper summons form and failed to serve the defendants with a proper citation. It is undisputed that the plaintiff mistakenly utilized Form JD-CV-1, such use being prohibited by Practice Book § 8-1(b). The use of an improper form, however, is not necessarily fatal to an administrative appeal.Cardoza v. Zoning Commission, supra, 211 Conn. 84. The policy of giving notice to the Commission of the nature of the proceedings has been served and the defendants have shown no prejudice by virtue of the plaintiff's use of an improper form. Id., 85; Carlson v. Fisher, 18 Conn. App. 488,494-95, 558 A.2d 1029 (1989). The court finds that service upon Crudginton, the city clerk, and abode service on Haddad. the chairman of the Danbury zoning commission, gave sufficient notice to the defendant zoning commission under General Statutes § 8-8 (e) and any defects stemming from the use of the improper form do not warrant dismissal of this appeal.
The defendants further argue that the plaintiff failed to name the Commission as a proper defendant because the summons does not name the Commission as a defendant and the citation did not direct the officer to serve the persons necessary to give notice of the appeal to the Commission, thereby failing to properly serve the Commission.[5] The defendants' argument disregards the fact that both necessary parties were served, thereby giving notice to the Commission under § 8-8 (e) which states that "[s]ervice on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal CT Page 5741-dh notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal." The caption of the appeal names the Commission and Stew Leonard's as defendants, and it is clear from the pleading that this is an appeal from a Commission decision. See Carlson v. Fisher, supra,18 Conn. App. 494-95.
The defendants final argument is that the plaintiff has failed to post bond or recognizance in its appeal, thereby making the service of process defective. The defendants, however, have also ignored Public Act 00-108, effective October 1, 2000, which eliminated the requirement in General Statutes § 8-8 for an appellant of a zoning decision to post a surety bond with the zoning commission when filing the appeal with the court.
The court holds that the defendants have failed to establish a lack of subject matter junsdiction and, therefore, the motions to dismiss the plaintiff's appeal for lack of subject matter jurisdiction are accordingly denied.
ADAMS, J.