EMIL CARLSON, ZONING INSPECTOR OF THE TOWN OF
BERLIN, ET AL. *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF BERLIN ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued March 7—decided March 25, 1969

*Alan A. Green,* with whom was *William F. Mangan, Jr.,* for appellants (intervening plaintiffs).

*Francis R. Danaher,* with whom, on the brief, was *Cornelius J. Danaher, Jr.,* for the appellee (defendant Waluk).

*James F. Dawson,* for the appellee (named defendant).

THIM, J.  The intervening plaintiffs, hereinafter called the plaintiffs, have appealed from the judgment of the Court of Common Pleas dismissing their appeal from the action of the defendant zoning board of appeals.  The board granted a variance to the defendant Sabin Waluk permitting him to sell gasoline on his property, which is in a two-acre residential zone in Berlin.  The dispositive issue on this appeal is whether there was sufficient evidence of hardship to warrant the granting of a variance.

Waluk began to operate an automobile service garage in a rural area of Berlin in either 1932 or 1934.  The Berlin zoning regulations were adopted in 1948, and they provided that the area wherein Waluk operated his garage was a residential zone. Hence, the garage became a nonconforming use. Sometime after 1932 but prior to the adoption of the Berlin zoning regulations, Waluk had ceased selling gasoline and had begun repairing automobiles.  In 1959, Waluk decided to resume selling gasoline and to relegate automobile repair work to a very minor role in his business.  The motor vehicle department, however, required Waluk to secure the approval of the zoning board of appeals before it would issue him a permit to sell gasoline.  In August, 1959, the board granted Waluk permission to sell gasoline for two years, and permission was subsequently renewed on two occasions.  After securing the board's permission to sell gasoline, Waluk painted the exterior of his garage white and installed lights and a sign.  Moreover, the old gasoline pumps, which had not been used for several years, were replaced with newer ones.

In August, 1967, Waluk requested a variance pursuant to § 13.02.03 of the Berlin zoning regulations for the "renewal of permission in order to continue to sell gasoline on the premises."[1]  The board granted Waluk permission to continue selling gasoline, stating that the permit was a permanent one but directing that all lights should be hooded so that there would be no reflection into the neighborhood.

Thereafter, the Berlin zoning inspector appealed from the board's action to the Court of Common Pleas, where the plaintiffs intervened.  After the court had dismissed the appeal, the intervening plaintiffs, who were property owners and residents in the neighborhood, took the present appeal.  The plaintiffs' principal claim on this appeal is that the board's action in granting a variance was illegal because there was insufficient evidence to support a

---

[1] Section 13.02.03 of the Berlin zoning regulations (1965), which empowers the zoning board of appeals to grant variances, reads, in pertinent part, as follows:  "To determine and vary the application of these Regulations in harmony with their general purpose and intent, and with due consideration for conserving the public health, safety, convenience, welfare, and property values solely with respect to a parcel of land, where owing to conditions, especially affecting such parcel but not affecting generally the district in which it is situated, in cases in which a literal enforcement of these Regulations would result in exceptional difficulty or unusual hardship, so that substantial justice will be done and the public safety and welfare secured.  Before any variance is granted, the Zoning Board of Appeals must make a written finding in its minutes as part of the record in each case, stating specifically:  (1) The special circumstances, described in detail, that attach to the property but do not generally apply to other property in the neighborhood and have not resulted from any act of the applicant subsequent to the adoption of the part of these Regulations from which a variance is requested and that constitute the hardship.  (2) That relief can be granted without detriment to the public welfare or impairment of the integrity of these Regulations, and that the variance granted is the minimum necessary to relieve the hardship. . . ."

finding of "exceptional difficulty or unusual hardship." We agree with this claim.

We have repeatedly said that the power to grant a variance should be sparingly exercised; *Allen* v. *Zoning Board of Appeals,* 155 Conn. 506, 510, 235 A.2d 654; *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 661, 211 A.2d 687; so as to protect property values and ensure the orderly development of the community. *Gregorio* v. *Zoning Board of Appeals,* 155 Conn. 422, 427, 232 A.2d 330.

The only evidence which was before the board on the question of hardship was testimony to the effect that permission to sell gasoline and approval of the improvements which had been made were necessary if Waluk was to continue in business owing to the fact that he was no longer physically able to repair automobiles. This evidence cannot support the board's action because an applicant's financial hardship, of itself, is not sufficient to warrant the granting of a variance. *Shell Oil Co.* v. *Zoning Board of Appeals,* 156 Conn. 66, 70, 238 A.2d 426; *Ward* v. *Zoning Board of Appeals,* 153 Conn. 141, 143, 215 A.2d 104; *Krejpcio* v. *Zoning Board of Appeals,* supra, 662; *Makar* v. *Zoning Board of Appeals,* 150 Conn. 391, 395, 190 A.2d 45; *Celentano, Inc.* v. *Board of Zoning Appeals,* 149 Conn. 671, 674, 184 A.2d 49; *Forbes* v. *Zoning Board of Appeals,* 146 Conn. 547, 550, 153 A.2d 458; *Longo* v. *Board of Zoning Appeals,* 143 Conn. 395, 398, 122 A.2d 784; *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 261, 121 A.2d 637; *Piccirillo* v. *Board of Appeals on Zoning,* 139 Conn. 116, 120, 90 A.2d 647; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 542, 543, 45 A.2d 828; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 22, 157 A. 273. Financial considerations are relevant only in those exceptional

situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purposes of zoning that, as to particular premises, the regulations have a confiscatory or arbitrary effect. *Dolan* v. *Zoning Board of Appeals,* 156 Conn. 426, 431, 242 A.2d 713; *Libby* v. *Board of Zoning Appeals,* 143 Conn. 46, 51, 118 A.2d 894; *Piccirillo* v. *Board of Appeals on Zoning,* supra, 121; *Devaney* v. *Board of Zoning Appeals,* supra, 542.

Moreover, the board did not comply with the provisions of § 13.02.03 of the Berlin zoning regulations requiring the board, when granting a variance, to set forth in writing the special circumstances which constitute hardship and to attest that the variance could be granted without impairing the integrity of the regulations. Hence, the variance was not properly granted.

Because of the view we have taken in disposing of this appeal, it is unnecessary to discuss the plaintiffs' other claims. We do note, however, that, owing to other considerations, our decision sustaining the plaintiffs' appeal is not finally determinative of Waluk's right to sell gasoline. It is questionable whether Waluk even needed a variance. It is elemental that a variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472; *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 531, 102 A.2d 316. It would appear that Waluk might have had the right to continue to operate his garage as a nonconforming use under

§ 11.01 of the Berlin zoning regulations and, as an element of that use, to sell gasoline.[2]

On the basis of the evidence contained in this record, it is debatable whether the improvements made by Waluk amounted to an extension of the nonconforming use as prohibited by § 11.01.03 of the Berlin zoning regulations;[3] *Connecticut Sand & Stone Corporation* v. *Zoning Board of Appeals,* 150 Conn. 439, 443, 190 A.2d 594; *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 162, 32 A.2d 635; and whether he discontinued the sale of gasoline under the rule of such cases as *Fairlawns Cemetery Assn., Inc.* v. *Zoning Commission,* 138 Conn. 434, 443, 86 A.2d 74; *State ex rel. Eramo* v. *Payne,* 127 Conn. 239, 241, 16 A.2d 286; *West Hartford* v. *Willetts,* 125 Conn. 266, 273, 5 A.2d 13.[4] Because of the manner in which Waluk's application was treated, however, the board did not pass on these issues, and the evidence essential for their determination was not presented.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion KING, C. J., ALCORN and COTTER, Js., concurred; HOUSE, J., concurred in the result.

---

[2] "[Berlin Zoning Regs. § 11.01 (1965).] NON-CONFORMING USES Any non-conforming use or building lawfully existing and lawfully in use at the time of the adoption of these Regulations or any amendment thereto, may be continued . . . ."

[3] "[Berlin Zoning Regs. § 11.01.03 (1965).] No non-conforming use or building shall be extended or expanded except as otherwise provided herein."

[4] "[Berlin Zoning Regs. § 11.01.07 (1965).] No non-conforming use which has been discontinued for a period of twelve (12) consecutive months shall thereafter be resumed."