[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiffs are owners of property known as 159-161 Center Road in the Town of Woodbridge. The property consists of 19.04 acres.
In December of 1968 the Town Planning and Zoning Commission granted the plaintiffs' subdivision of four rear lots on the property. The plaintiffs never filed that subdivision map in the Town Clerk's Office. The plaintiffs' 19 acres are connected to a town-accepted road by a strip of land 57 feet wide.
In February of 1996, the Zoning Board of Appeals considered the plaintiffs' request for three variances. The first would allow a 20 foot right-of-way to extend 900 feet from the town-accepted road instead of the 500 feet required by § 3.4.31 of the Zoning Regulations. The second would allow three rights-of-way from the town road rather than two rights-of-way which had previously existed. The third would allow residential use of an accessory building on lot #1. On February 12, 1996, the Zoning Board of Appeals denied each requested variance by differing votes. In essence, the plaintiffs claim that since the limit of 500 feet for a private driveway was instituted by zoning amendment after the plaintiffs' acquisition of the property, the application of the 500 foot driveway limit as applied to the plaintiffs creates an undue hardship and that the Zoning Board of Appeals improperly denied the request for variance.
AGGRIEVEMENT
CT Page 5805
At the hearing on the matter, the plaintiffs produced certified copies of the deeds together with plaintiff Philip Sarrel's testimony sufficient to convince the court that the plaintiffs in this case were the owners of the affected property, that they had been the owners on the date that the Zoning Board of Appeals acted, and that they continue to be the owners. Consequently the plaintiffs are statutorily aggrieved.
DISCUSSION
The Woodbridge Zoning Regulations which have been in effect since 1979 render the plaintiffs' present driveway nonconforming because it is approximately twice the permitted length of 500 feet from the street line. Such a preexisting nonconforming use is a vested right protected against later changes in the Zoning Regulations because of § 8-3(h) of the Connecticut General Statutes. The corollary to this protection is that such nonconformity should not be increased or expanded and should be reduced to conformity or abolished as soon as possible. Adolphsonv. Zoning Board of Appeals, 205 Conn. 703, 710 (1988).
In a somewhat similar manner the plaintiffs' previously approved four lot subdivision, approved in 1969, could have been protected by the operation of § 8-26(a) and (b) and § 8-28(a) and (b). Those sections, enacted in 1959, excused approved subdivision lots which had been duly filed and recorded with the Town Clerk from conforming to any changes in zoning or subdivision regulations adopted after the plan's approval and filing. In the instant case, the Town has argued that because the owners, for whatever reason, chose not to file the subdivision plan thereby waiving the protection of §§ 8-26(a) and (b) and8-28a and 8-28b, any hardship present in the case before the court is self-created.
Our Supreme Court has held:
 "A mere economic hardship or hardship that was self-inflicted . . . is insufficient to justify a variance . . . and neither financial loss nor the potential for financial gain is a proper basis for granting a variance. Garibaldi v. Zoning of Appeals, 163 Conn. 235, 239 (1972).
Further, the court has held that the burden of establishing unusual hardship or exceptional difficulty is on the plaintiffs and that such proof is a necessary precondition to the granting CT Page 5806 of a variance. Point O' Woods Association, Inc. v. Zoning Boardof Appeals, 178 Conn. 364, 368 (1979).
Finally, the court has held:
 "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not ordinarily warrant relaxation in his favor on a ground of practical difficulty or a necessary hardship. [Citations omitted.] Financial considerations are relevant only in those exceptional circumstances where a board could reasonably find that the application of the regulation to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulations, as applied, bear so little relationship to the purpose of zoning that . . . the regulations have a confiscatory or arbitrary effect. Carlson v. Zoning Board of Appeals, 158 Conn. 86, 89-90 (169).
In a similar vein the court had held:
 "A zoning regulation that prevents land from being used for its greatest economic potential does not create the exceptional kind of financial hardship that we have deemed to have `a confiscatory or arbitrary effect.'" Grillo v. Zoning Board of Appeals, 206 Conn. 362, 370 (1988).
In the instant case it appears clear that the plaintiffs' property is improved with dwellings serviced by an 1100 foot driveway. The Town has a legitimate interest in not allowing private roads to extend more than 500 feet. There is at least some indication in the record that the plaintiffs could develop their property if they used their 57 foot strip to build a road to town standards.
The court finds that the plaintiffs have failed to bear the burden of showing that adherence to the strict letter of the zoning regulations would cause an unusual hardship unnecessary to the carrying out of the general purposes of the zoning plan. Because the court finds that the plaintiff has failed to bear its burden of showing hardship, the court does not reach the question of whether the failure to file the 1969 subdivision map is a self-created hardship.
For the foregoing reasons the action of the Woodbridge Zoning CT Page 5807 Board of Appeals is sustained and the appeal is dismissed.
BY THE COURT:
KEVIN E. BOOTH, JUDGE