[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM ACTION OF HEBRON ZONINGBOARD OF APPEALS
1. Background
The plaintiffs, Gary D. Edwards and Rozann F. Venti, appeal from the April 2, 1996 decision of the defendant, the Town of Hebron Zoning Board of Appeals (ZBA), denying the plaintiffs' CT Page 3285 application for a variance from the town's zoning regulations so that the plaintiffs could develop a lot.
The ZBA denied the plaintiffs' application for a variance from the town's zoning regulations because the application did not meet all hardship criteria, the ZBA found that the hardship resulted from the plaintiffs' own action in subdividing the property. They also found that the reasonable use of the land could be construed to be access to a subdivision, in the adjoining Town of Marlborough, developed by the plaintiffs. (Return of Record [ROR], Item cc: Town of Hebron, Zoning Board of Appeals Decision.)
The plaintiffs commenced this appeal on April 29, 1996, by service of process upon Gerald Green, Chairperson of the ZBA, and on the assistant town clerk. (Sheriff's Return.) The defendant filed its answer and return of record on June 19, 1996. The plaintiffs filed their brief on August 1, 1996 and the defendant filed its brief on August 30, 1996. The Court heard the appeal on February 24, 1997.
2. Facts
The plaintiffs allege that they own property located at the corner of West Street and Rivendell Road in Hebron, Connecticut, in an R-1 zone. (Complaint, par. 1.) An R-1 zone permits a single-family residence. (ROR, Item a: Zoning Regulations, Town of Hebron, § 5.1.1.)
On December 21, 1995, the plaintiffs applied to the ZBA for a variance from the town's zoning regulations, § 6.4.2(d), which requires a lot in the R-1 zone must contain a minimum area of buildable land (MBL). The regulations also limits naturally occurring topography that exceeds a twenty percent slope in grade within the minimum buildable area of a lot to fifteen percent of a three-quarter acre area.[1] (ROR, Item a: Zoning Regulations, Town of Hebron, §§ 6.4, 6.4.2(d); Item c: Plaintiffs' Application to ZBA.)
On February 6, 1996, a public hearing was scheduled on the plaintiffs' application for a variance, but because the ZBA did not have a quorum, the hearing was continued to March 5, 1996 and finally to April 2, 1996. (ROR, Items g, h, j, k, n, o: Meeting Notices and Agenda.) Notice of the public hearing was published in the local newspaper. (ROR, Items e, I, l: Legal Notice.) On April CT Page 3286 2, 1996, the defendant held an open voting session, which resulted in denial of the plaintiffs' application for a variance. (ROR, items p, q: Minutes of Meeting.) The April 2, 1996 decision was published in the local newspaper on April 5, 1996. (ROR, Items dd, ee.)
By certified letter dated April 10, 1996, the defendant advised the plaintiffs that it voted unanimously[2] to deny the plaintiffs' application for a variance from the zoning regulations because: (1) all hardship criteria were not met — especially the hardship being a result of the applicants own action; and (2) reasonable use of the land can be construed to be access to subdivision land. (ROR, Item gg.)
The plaintiffs served process on the chairperson of the ZBA and on the assistant town clerk on April 18, 1996, which is less than fifteen days after notice of the ZBA's decision was published in the local newspaper on April 5, 1996. This appeal, therefore, is timely and the proper parties were served, pursuant to General Statutes § 8-8 (b), (e).
In administrative appeals, the citation is analogous to the writ used to commence a civil action and directs a proper officer to summon the agency whose decision is being appealed. Sheehan v.Zoning Commission, 173 Conn. 408, 413, 378 A.2d 519 (1977). The Court finds that the file contains a proper citation. (Citation dated April 16, 1995 in file)
3. Aggrievement
Pleading and proof of aggrievement is a prerequisite to the trial court's jurisdiction over the subject matter of a plaintiff's appeal from an administrative agency's decision.Jolly, Inc. v. Zoning Board of Appeals of Bridgeport,237 Conn. 184, 192, 676 A.2d 831 (1996). In the present case, the plaintiffs allege aggrievement, claiming that they are the owners of property that is the subject of the defendant's adverse decision. (Complaint, par. 10.)
There is no deed to the property included in the record, but there is a certified copy of an assessor's card. (ROR, Item w: Assessor's Card.) At the hearing, the parties stipulated to the fact that plaintiffs own the property that is the subject of the defendant agency's decision. The Court finds that the plaintiffs own the subject property. They are aggrieved and entitled to CT Page 3287 bring this appeal. See, e.g., Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953
(1991); Bossert Corp. v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39
(1968).
4. Law and Discussion
"Zoning boards of appeal are entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application." Bell v.Zoning Board of Appeals, 27 Conn. App. 41, 45, 604 A.2d 379
(1992), citing Connecticut Sand Stone Corp. v. Zoning Board ofAppeals, 150 Conn. 439, 442, 190 A.2d 594 (1963). "In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [the actions are] unreasonable, arbitrary or illegal . . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.) Francini v. Zoning Board ofAppeals, 228 Conn. 785, 791, 629 A.2d 519 (1994).
"The question is not whether the trial court would have reached the same conclusion but whether the record supports the reached the same conclusion but whether the record supports the decision reached." Burnham v. Planning Zoning Commission,189 Conn. 261, 265, 455 A.2d 339 (1983). The court must review the ZBA's findings to see whether those findings are supported by substantial evidence. Zachs v. Zoning Board of Appeals,218 Conn. 324, 329-30, 589 A.2d 351 (1991). The plaintiff has the burden of proving that the board acted improperly. Adolphson v. ZBA,205 Conn. 703, 707, 535 A.2d 799 (1988).
"Our law governing variances is well settled. [General Statutes §] 8-6 (a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where,owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations CT Page 3288 would result in exceptional difficulty or unusualhardship . . . ." (Emphasis in original; internal quotation marks omitted.) Reid v. Zoning Board of Appeals, 235 Conn. 850, 856-57,670 A.2d 1271 (1996).
The following facts from the record are pertinent: The lot that is the subject of the plaintiffs' application for a variance is triangular shaped (ROR, Item c) and consists of 1.5 acres in Hebron. The lot was originally part of a 115 acre lot, all but 3.5 acres of which is located in the adjoining town of Marlborough. (ROR, Item x: Roark October 1, 1987 Letter to Board of Selectmen; Plaintiffs' Brief, p. 1; Defendant's Brief, p. 1.)
The property was subdivided, with the 3.5 acres in Hebron divided into three parcels: (1) the northerly piece became part of a lot located in Marlborough, with the Marlborough piece deeded to Marlborough as open space; (2) a center strip formed the roadway entrance into the Marlborough subdivision; and (3) the southerly piece is the subject lot. (ROR, Items r, s, t: Maps; Item k: Minutes of March 15, 1996 Meeting on Variance Application; Item o: Minutes of April 2, 1996 Meeting on Variance Application; Item q: Minutes of April 2, 1996 Public Hearing.)
The plaintiffs requested a variance from the town's zoning regulations, § 6.4.2(d), for the 1.5 acre lot because the size, shape and existing natural topography on the lot does not physically permit compliance with the regulation. (ROR, Item c.) The plaintiffs requested the variance because the topography exceeding the twenty percent slope in grade comprised twenty-one percent, instead of fifteen percent, of the three-quarter acre minimum area of buildable land, as required by the pertinent zoning regulation. (ROR, Items k, s, t.)
The defendant denied the plaintiffs' application for a variance from the pertinent zoning regulation because it found that not all the hardship criteria had been met; in particular, that any hardship that exists was self-created by the plaintiffs, not by the zoning regulations themselves. (ROR, Items cc, gg.) The defendant argues, therefore, that "where the claimed hardship arises from the applicants' voluntary act, a zoning board lacks power to grant a variance." Pollard v. Zoning Board of Appeals,186 Conn. 32, 438 A.2d 1186 (1982); Abel v. Zoning Board ofAppeals, 172 Conn. 286, 289, 374 A.2d 227 (1977); Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 206, 557 A.2d 1265
(1989). The defendant maintains that the subdivision of the CT Page 3289 property by the plaintiffs created the hardship necessitating the application for a variance from the town's zoning regulations. (ROR, Item q, pp. 9-10; Item o: p. 3.)
At the public hearing, where the plaintiffs presented their application to the ZBA, the plaintiffs maintained that subdividing their property was undertaken with extensive input from municipal officials of both Hebron and Marlborough. (ROR, Item o, p. 2; Item q, p. 10.) The plaintiffs presented a letter to the ZBA during the March 5, 1996 public hearing on their application. In that letter the Hebron town planner recommended that the plaintiffs' subdivision plan (of the 3.5 acres) be revised to include all proposed lots completely within Hebron (rather than the subdivision including lots traversing the town line). That way no subdivision application would need to be presented to the Hebron Planning and Zoning Commission (PZ). (ROR, Item x.)
The plaintiffs' representative, Messier, spoke at the public hearing and stated that the plaintiffs made the decision to work only with Marlborough and to exclude any activity in Hebron, except construction of a road to access the subdivision, because subdividing their property in both towns would have required pertinent approvals from two different towns. (ROR, Item q, p. 15; Item x.) Messier also stated that the location of the road through the plaintiffs' property in Hebron was necessary because the entire parcel was surrounded by state forest and wetlands to the north of the center lot. (ROR, Item q, pp. 19-25.)
In considering the plaintiffs' application for a variance, the record reveals that, during the course of the public hearing, the ZBA stated the requirements an application has to meet in order for them to approve an application for a variance: (1) if the owner complied with the regulations he would be unable to make any reasonable use of the property; (2) the hardship is peculiar to the property in question, in contrast with those of other properties in the same zone; (3) the hardship is not the result of the applicants' own action; and (4) the hardship is not merely financial, pecuniary or inconvenient. (ROR, Item q, pp. 21-22.) The ZBA then discussed each of these criteria as they applied to the plaintiffs' lot. (ROR, Item q.)
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations . . . . The power of the board to grant a variance should be used only CT Page 3290 where a situation falls fully within the specified requirements . . . .
Thus, the power to grant a variance should be sparingly exercised . . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship,[3] as opposed to the general impact which the regulation has on other properties in the zone." (Citation omitted; Internal quotation marks omitted.) Reid v. Zoning Boardof Appeals, supra, 235 Conn. 857. Two basic conditions must be satisfied in order for a variance to be granted: "(1) the variance is shown not to substantially affect the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan." Francini v. Zoning Board of Appeals, supra,228 Conn. 790.
Hebron's current town planner spoke at the public hearing the purpose of the pertinent zoning regulation. The town planner noted that the minimum buildable area requirement facilitates building on lots in a manner that is not encumbered by natural topography. (ROR, Item o.) The ZBA also heard a statement from the town planner that, if he removed the road in the center pieceof the plaintiffs' 3.5 acre lot situated in Hebron and tried tolocate a three-quarter acre parcel within the 3.5 acres thatmeets the requirements imposed by the town's zoning regulations,he could not do so. (Emphasis added, ROR, Item q, pp. 17-18.)
After listening to all who wished to speak at the public hearing, the ZBA agreed that the plaintiffs' lot was peculiar. (ROR, Item p. ) One member moved that the ZBA grant the variance, and emphasized that various Hebron boards and commissions approved the lot for drainage and septic. (ROR, Item p. ) That motion failed for the lack of a second.
As well as hearing the foregoing public comments, the defendant reviewed plans the plaintiffs made after consulting with pertinent town employees, boards and commissions regarding leaving the property in as natural a state as possible after completing the building. (ROR, Item p. ) The ZBA then found that the plaintiffs created their own hardship and that a reasonable use, another road into the Marlborough subdivision, was possible for the lot. (ROR, Item p. ) The motion to deny the Request for the Variance was approved 3-0, with one member abstaining. CT Page 3291
At the Court hearing in this case, the defendants (through counsel) conceded that the application of the regulations creates a hardship. The Court finds that the record reveals that the plaintiffs showed that, because of some peculiar characteristic of their property (i.e., the location of the wetlands and topography of the area), that the strict application of the Hebron zoning regulations, § 6.4.2(d), produces an unusual hardship on the plaintiffs in the use of their property. Reid v.Zoning Board of Appeals, supra, 235 Conn. 857.
The Court further finds that there was ample evidence presented to the ZBA that the hardship arose from circumstances or conditions beyond the control of the plaintiffs and was not self-imposed. (See ROR, Items o, p, q, x.) Accordingly, the record fails to factually support an adequate ground for the ZBA to deny a variance to § 6.4.2(d) of the Hebron zoning regulations. See Stillman v. Zoning Board of Appeals,25 Conn. App. 631, 637, 596 A.2d 1 (1991) (where court found that hardship claimed arose from the configuration of the lot, including location of improvements, and that the hardship would exist no matter who owned the lot).
Furthermore, the record indicates that there was limited discussion by the defendant about the impact of its denial of the variance on the value of the subject property. (ROR, Item o, p. 3; Item p, pp. 27-28.) "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship. " Grillo v. Zoning Board of Appeals,206 Conn. 362, 369, 537 A.2d 1030 (1988). "Financial considerations are relevant only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purpose of the zoning plan." Bloom v. Zoning Board of Appeals,233 Conn. 198, 210, 658 A.2d 559 (1995).
The above cases stand for the proposition that an inability to build on property, or to otherwise exploit property, does not, in and of itself, constitute an unusual hardship. In Grillo, for example, the court found that a vacant lot located adjacent to the defendant's property, which was used as a side yard, enhanced the value of the defendant's property and, thus, was marketable CT Page 3292 in its present use. Grillo v. Zoning Board of Appeals, supra,206 Conn. 370-71.
The present case, however, involves more than financial hardship. The strict application of the Hebron zoning regulations prevents the plaintiffs, or any subsequent owners, from utilizing the property to build a single family dwelling, which is the use specified by the town's R-1 zone, in which the property is located.
The Court also finds that the strict application of § 6.4.2 (d) of the Hebron zoning regulations to the plaintiffs' property will effectively deprive the plaintiffs of virtually all use of the property. The ZBA made a similar finding. They found that the property could be used for an additional road into the Marlborough subdivision. Since an additional road is not needed to service the subdivision, such a use is virtually worthless. See Bloom v. Zoning Board of Appeals, supra, 233 Conn. 210, citing Grillo v. Zoning Board of Appeals, supra, 206 Conn. 369;Carlson v. Zoning Board of Appeals, 158 Conn. 86, 89,255 A.2d 841 (1969) (financial considerations are relevant only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purposes of the zoning plan). See also Pike v. Zoning Board of Appeals, 31 Conn. App. 270, 275-76,624 A.2d 909 (1993) (court found that the subject lot was unlike the lot in Grillo, where lot abutted a house and another lot owned by the applicant and was used by the applicant as a side yard. Therefore, a determination that a side yard is a reasonable use for the Pike applicant's lot was unsupported by the record); Stillman v. Zoning Board of Appeals, supra,25 Conn. App. 631, 636 (court found that test applied by the Superior Court, adopted from Grillo, is a test "used in the extreme situation where the application of a regulation renders property practically worthless, and that loss of value alone amounts to a hardship . . . . Although satisfying this test is a valid means of establishing a hardship, it is not exclusive."); Stankiewicz v.Zoning Board of Appeals, 15 Conn. App. 729, 734-35, 546 A.2d 919, aff'd, 211 Conn. 76, 556 A.2d 1024 (1988) (court found no error in lower court's conclusion, drawn from facts clearly present in the record, "that the zoning regulations had a confiscatory effect as the application of these regulations prohibited any reasonable permitted use of the subject lot"). CT Page 3293
Finally, the Court finds that use of the plaintiffs' acreage for another road to access the Marlborough subdivision is not a reasonable use of the property. See Pike v. Zoning Board ofAppeals, supra, 31 Conn. App. 276 (where court found that, without a variance, the value of the plaintiff's lot would be greatly decreased, if not totally destroyed. Because there was nothing in the record that demonstrated any reasonable alternative uses for the plaintiff's property, the court concluded that an unusual hardship existed).
5. Conclusion
The reasons given for denying the plaintiffs' application for a variance from the town's zoning regulations were not supported by the record. Therefore, the Court finds the defendant's denialof the plaintiffs' variance application was illegal, arbitrary,capricious or an abuse of its discretion.
Accordingly, the plaintiffs' appeal is SUSTAINED and the case is remanded to the defendant, ZBA. The ZBA shall grant the plaintiffs' application for a variance from Hebron zoning regulations, § 6.4.2(d).
BY THE COURT,
Jonathan J. Kaplan, J.