[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Rosemary Courtney, appeals from the September 20, 2000 decision of the defendant, the city of West Haven zoning board of appeals (ZBA), denying the plaintiffs application for a variance from the city's zoning regulations so that the plaintiff could construct a CT Page 13107 single family residence on her property located at 105 Holcomb Street, West Haven, Connecticut. (Return of Record [ROR], Item 1: Courtney's Variance Application [Application]). The plaintiff sought the variance to West Haven's zoning regulations because the lot is irregular and is undersized. (ROR, Item 1: Application.) Two members of the ZBA voted to grant the variance application, two members abstained from the vote and one member voted to deny the variance application. (ROR, Item 7: City of West Haven, Zoning Board of Appeals Decision [regular meeting transcript].)
The plaintiff commenced this appeal on October 10, 2000, by service of process upon John Clifford, chairperson of the ZBA and on the town clerk. (Sheriff's Return.) The plaintiff filed this appeal on November 7, 2000. The ZBA filed its answer and return of record on November 21, 2000. On December 6, 2000, the plaintiff filed a motion to allow additional evidence at the hearing pursuant to General Statutes § 8-8
(k). On December 12, 2000 and December 22, 2000, the ZBA supplemented the return of record with Exhibit B (ROR, Item 8) and the transcript of the public and regular hearings of September 20, 2000 on the plaintiffs application for a variance (ROR, Item 9). The plaintiff filed her brief on January 30, 2001. The ZBA filed its brief on March 7, 2001.
A hearing was held on August 29, 2001. The plaintiff appeared. She discussed the chain of title of the lot in question. She is aggrieved and may take the appeal.
In her appeal, the plaintiff alleges the following facts. She owns real property known as 105 Holcomb in West Haven, Connecticut. (Complaint, ¶ 1.) The subject property is a vacant lot with an area of approximately 7,716 square feet. (Complaint, ¶ 3.) Section 2-3.2 of the West Haven zoning regulations was amended in 1967 to require a minimum lot size of 8,000 square feet in order to build a single family dwelling in the R-2 zone. (Complaint, ¶ 4.) The subject property would qualify for a special exception under § 10-4.4 of the West Haven zoning regulations except that the lot has an irregular shape. (Complaint, ¶ 7; ROR, Item 3: Map showing subject property [Map].)
On August 15, 2000, the plaintiff applied to the ZBA for a variance from the city's zoning regulations, § 2-3.2, which sets forth area and bulk requirements for a lot in the R-2 zone. (ROR, Item 1: Application.) On September 20, 2000, a public hearing was scheduled on the plaintiffs application for a variance. (ROR, Item 4: Meeting Notice.) On September 20, 2000, the ZBA held a public hearing on the plaintiffs application for a variance, resulting in the ZBA denying the variance, with two members of the ZBA voting to grant the variance application, two members abstaining and one member voting to deny the variance CT Page 13108 application. (ROR, Item 7: regular meeting transcript.) The plaintiff alleges, and the ZBA admits, that the September 20, 2000 decision was published on September 25, 2000. (Complaint, ¶ 13; ZBA's Answer, ¶ 13.)
 Jurisdiction
A. Aggrievement
Pleading and proof of aggrievement is a prerequisite to the trial court's jurisdiction over the subject matter of a plaintiffs appeal from an administrative agency's decision. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). In the present case, the plaintiff alleges aggrievement, claiming that she owns the subject property, for which the ZBA denied the variance application. (Complaint, ¶¶ 1, 10.) The relevant deeds to the property are included in the return of record. (ROR, Item 8: Exhibit B, deeds and assessor's card.) The court finds that the plaintiff owns the subject property, is aggrieved and is entitled to bring this appeal. See, e.g., WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991); Bossert Corporation v. Norwalk, 157 Conn. 279, 285,253 A.2d 39 (1968).
B. Timeliness and Service of Process
The plaintiff served process on the chairperson of the ZBA and on the town clerk. `This appeal, therefore, is timely and the proper parties were served, pursuant to General Statutes § 8-8 (b), (e).
C. Citation
In administrative appeals, the citation is analogous to the writ used to commence a civil action and directs a proper officer to summon the agency whose decision is being appealed. Tolly v. Department of HumanResources, 225 Conn. 13, 18-19, 621 A.2d 719 (1993); Sheehan v. ZoningCommission, 173 Conn. 408, 413, 378 A.2d 519 (1977) (citation is direction to officer to summon agency whose decision is being appealed). The court finds that the file contains a proper citation. (Sheriff's Return.)
"Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply." (Brackets omitted; internal quotation marks omitted.) Irwin v. Planning Zoning Commission, 244 Conn. 619, 627, 711 A.2d 675 (1998). "In reviewing CT Page 13109 the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [the actions are] unreasonable, arbitrary or illegal. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is factual support for the board's decision, not for the contentions of the applicant." (Internal quotation marks omitted.)Francini v. Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519
(1994).
"The trial court may not retry the case or substitute its judgment for that of the agency." (Internal quotation marks omitted.) Smith v. ZoningBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089, cert. denied,510 U.S. 1164, 114 S.Ct. 1190, 127 L.Ed.2d 540 (1993). The court must review the ZBA's findings to see whether those findings are supported by substantial evidence. Zachs v. Zoning Board of Appeals, 218 Conn. 324,329-30, 589 A.2d 351 (1991). The plaintiff has the burden of proving that the board acted improperly. Francini v. Zoning Board of Appeals,
supra, 228 Conn. 791.
The plaintiff advances five arguments in support of her appeal. The only issue properly before the court, however, is whether the ZBA acted illegally, arbitrarily or in abuse of its discretion in denying the plaintiffs application for a variance from § 2-3.2 of the West Haven zoning regulations. Francini v. Zoning Board of Appeals, supra,228 Conn. 791. "Our law governing variances is well settled. [General Statutes §] 8-6 (a)(3) provides in relevant part that a zoning board of appeals may determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting suchparcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship. . . ." (Emphasis in original; internal quotation marks omitted.) Reid v. Zoning Board ofAppeals, 235 Conn. 850, 856-57, 670 A.2d 1271 (1996).
The following facts from the record are pertinent. The subject property is a vacant lot located in an R-2 residential zone and is taxed as a residential building lot. (ROR, Item 8: Exhibit B: page 30, assessor's card.) The lot was deeded to the plaintiffs husband's family in 1932; (ROR, Item 8: Exhibit B: pages 21-22, deed); and to the plaintiffs husband in 1948. (ROR, Item 8: Exhibit B: pages 23-25, deed.) In 1965, the plaintiffs husband purchased property formerly held by Connecticut Company to build a trolley line, thereby increasing the lot size to 7,716 CT Page 13110 square feet. (ROR, Item 9: public hearing transcript, page 4.) In 1967, the West Haven zoning regulations were amended to increase the minimum lot size to 8,000 square feet, at which point the plaintiffs lot became legally nonconforming. (ROR, Item 9: public hearing transcript, page 4.)
In June, 2000, a potential purchaser of the subject property applied to the ZBA for a special exception to the zoning regulations, seeking approval of an undersized lot and a ten percent reduction in side yard setback requirements. (ROR, Item 8: Exhibit B: page 1, special exception application.) The ZBA held a hearing on the special exception application on June 21, 2000 and the ZBA voted unanimously to deny the special exception application on June 21, 2000, because the subject property failed to meet the criteria set forth in the zoning regulations that the property conform to seventy-five percent of the lots surrounding the subject property.
The plaintiff subsequently applied to the ZBA for a variance from the zoning regulations set forth in § 2-3.2. (ROR, Item 1: Application.) The plaintiff argues that West Haven's zoning regulations create a hardship for her in two ways. Because the irregular shape of the subject property precludes her from obtaining a special exception under § 10-4.4 of the zoning regulations, it is a hardship from which the plaintiff is entitled to a variance. Furthermore, denial of the variance based on the size of the lot, versus its irregular shape, leads to a practical confiscation of the plaintiffs property, thereby imposing a hardship by such "literal enforcement of such bylaws, ordinances or regulations."Reid v. Zoning Board of Appeals, supra, 235 Conn. 857.
"A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations. . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements. . . . Thus, the power to grant a variance should be sparingly exercised. . . . An applicant for a variance must show that, because of some peculiar characteristic of his property, the strict application of the zoning regulation produces an unusual hardship, as opposed to the general impact which the regulation has on other properties in the zone)' (Citation omitted; internal quotation marks omitted.) Reid v. Zoning Board of Appeals, supra,235 Conn. 857. Two basic conditions must be satisfied in order for a variance to be granted: "(1) the variance is shown not to substantially affect the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship which is unnecessary to the carrying out of the general purpose of the zoning plan." Francini v. Zoning Board of Appeals, supra, 228 Conn. 790.
At the hearing before the ZBA on the plaintiff's application for a CT Page 13111 variance, evidence was presented that the plaintiff owned the property, that the property was not subdivided, that the subject property is larger than eighty percent of the existing lots around the subject property and that the subject property has 96.5% of the lot size required by the amended zoning regulations. (ROR, Item 9: public hearing transcript, pages 2-3.) Those persons speaking against the plaintiffs application voiced concern about another small house on a small lot in the neighborhood and statements were made that there was no reason to build on the lot, which sat vacant for twenty years. (ROR, Item 9: public hearing transcript, pages 13-14.) After listening to all who wished to speak at the public hearing, at least one member of the ZBA agreed that the plaintiffs lot was a viable building lot. (ROR, Item 7: regular meeting transcript.) The member voting to deny the plaintiffs variance application questioned "[w]hen are we going to stop making the postage-sized lots." (ROR, Item 7: regular meeting transcript.)
The court finds that the record reveals that the plaintiff showed that, because West Haven amended its zoning regulations to increase the size of a lot in the R-2 zone from 6,250 square feet to 8,000 square feet in 1967, strict application of the amended zoning regulations produces an unusual hardship on the plaintiff in the use of her property. Reid v.Zoning Board of Appeals, supra, 235 Conn. 857.
The court further finds that there was ample evidence presented to the ZBA that the hardship arose from circumstances or conditions beyond the control of the plaintiff and was not self imposed. Accordingly, the record fails to factually support an adequate ground for the ZBA to deny the plaintiff a variance to § 2-3.2 of the West Haven zoning regulations. See Stillman v. Zoning Board of Appeals, 25 Conn. App. 631,637, 596 A.2d 1 (1991) (where court found that hardship claimed arose from the configuration of the lot and that the hardship would exist no matter who owned the lot).
Furthermore, the record indicates that there was limited discussion at the hearing on the confiscatory impact of the ZBA's denial of the variance. (ROR, Item 9: public hearing transcript, pages 9, 11-12.) "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship." Grillo v. Zoning Boardof Appeals, 206 Conn. 362, 369, 537 A.2d 1030 (1988). "Financial considerations are relevant only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purpose of the zoning plan." Bloom v. Zoning board of Appeals, 233 Conn. 198, 210, CT Page 13112658 A.2d 559 (1995).
These cases stand for the proposition that an inability to build on property, or to otherwise exploit property, does not, in and of itself constitute an unusual hardship. In Grillo, for example, the court found that a vacant lot located adjacent to the defendant's property, which was used as a side yard, enhanced the value of the defendant's property and, thus, was marketable in its present use. Grillo v. Zoning Board ofAppeals, supra, 206 Conn. 370-71.
The present case, however, involves more than financial hardship. The strict application of the West Haven zoning regulations prevents the plaintiff or any subsequent owners, from using the property to build a single family dwelling, which is the use specified by the town's R-2 zone, in which the property is located. Accordingly, the court finds that the strict application of § 2-3.2 of the West Haven zoning regulations to the plaintiffs property will effectively deprive the plaintiff of the use of the property and constitutes a confiscatory application of a zoning regulation. See Bloom v. Zoning Board of Appeals,
supra, 233 Conn. 210, citing Grillo v. Zoning Board of Appeals, supra,206 Conn. 369; Carlson v. Zoning Board of Appeals, 158 Conn. 86, 89,255 A.2d 841 (1969) (financial considerations are relevant only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purposes of the zoning plan). See also Pike v. Zoning Board ofAppeals, 31 Conn. App. 270, 275-76, 624 A.2d 909 (1993) (court found that the subject lot was unlike the lot in Grillo where lot abutted a house and another lot owned by the applicant and was used by the applicant as a side yard and, therefore, a determination that a side yard is a reasonable use for the Pike applicant's lot was unsupported by the record); Stillman v. Zoning Board of Appeals, supra, 25 Conn. App. 631,636 (court found that test applied by the Superior Court, adopted fromGrillo, is a test "used in the extreme situation where the application of a regulation renders property practically worthless, and that loss of value alone amounts to a hardship. . . . Although satisfying this test is a valid means of establishing a hardship, it is not exclusive.");Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 734-35,546 A.2d 919, aff'd, 211 Conn. 76, 556 A.2d 1024 (1988) (court found no error in lower court's conclusion, drawn from facts clearly present in the record, "that the zoning regulations had a confiscatory effect as the application of these regulations prohibited any reasonable permitted use of the subject lot").
Therefore, in accordance with the foregoing discussion, because the reason given for denying the plaintiffs application for a variance from CT Page 13113 the town's zoning regulations is not supported by the record, the court finds that the ZBA's denial of the plaintiffs variance application was illegal, arbitrary or an abuse of its discretion. Accordingly, the court sustains the plaintiffs appeal.
Robert P. Burns Judge Trial Referee