[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Colegrove is the zoning enforcement officer. The defendant zoning board of appeals granted a variance to defendant Lamos, LLC. Lamos, LLC owns property located at 16 Main Street (Village Street) in Durham.
There are three buildings on the property which is known as "Durham Village." Numerous businesses are tenants.
Lamos LLC's application for a variance sought relief from section 11.01 CT Page 2438 of zoning regulations entitled "SIGNS AND OUTDOOR ADVERTISING STRUCTURES." More specifically, § 11.01.02.03 was involved.
 "Each parcel shall be allowed one free-standing sign. Signs within thirty (30') feet of the curbline of a public highway are limited to the maximum area of which shall not exceed 15 square feet per business unit or 30 square feet in total area for two or more businesses on the parcel. Signs more than thirty (30') feet of the curbline of a public highway shall not exceed twenty two (22') square feet per business unit or forty five (45') square feet in total area for two or businesses on the parcel." Zoning Regulations, Town of Durham, § 11.01.02.03, p. 11-3. Record #11.
The application for the variance stated the reason for the variance request:
 "Tenant's [Sic.] businesses are being adversely effected by lack of signage."
The specific hardship claimed was —
 "Tenant's [Sic.] businesses are suffering (particularly those units w/out direct visibility from Rte 17), largely in-part, due to the lack of appropriate signage on road front." Application For Variance, February 9, 2000. Record #1.
The property fronts on Main Street (Village Street) which is Route 17. The highway runs north-south in the area of the subject property. The property is on the west side of the highway.
The property slopes somewhat downward as the property extends westward. The frontage on the highway is only 84 feet. However, it widens considerably as it extends westward.
Each of the three buildings is rectangular in shape. The longer dimension of each parallels the highway and the other two buildings. Each has two floors; one floor has tenant entrances facing east towards the highway. Each has another floor one story below; the tenant entrances on the lower floor face west away from the highway. The tenant premises on the lower floor of each building cannot be seen from the highway.
The building closest to the highway (building #1) is approximately 60' by 40', the latter dimension (eastwest) includes porches and overhangs. CT Page 2439 Its front (east) side is approximately 120 feet from the highway.
The other two buildings (building #2 and building #3) are further from the highway. The front (east) side of each is approximately 240 feet west of the highway. They are north and south of each other. They are roughly the same distance from the highway. There is a breezeway between them. Each is approximately 75' by 75', again the latter dimension (east-west) includes porch and overhangs.
The defendant zoning board of appeals held a hearing on Lamos, LLC's application for a variance on March 9, 2000. Immediately after the public hearing, the board met and considered the application. Its minutes record the following:
 "A motion was made by Mr. Marino, seconded by Ms. Paganetti, to approve a variance to section 11.01.01.02, 11.01.01.05, 11.01.02.03 and 11.01.02.08, to allow a double sided sign, 15 feet 3 inches by 9 feet 9 inches. Hardship is due to the land topography and traffic considerations." Minutes, Meeting March 9, 2000, p. 2-3. Record #5.
The granted variance permitted a sign just short of 5 times the size permitted by the zoning regulations. [15'3" by 9'9" is 15.25 x 9.75 = 148.69 square feet; a 30 square foot sign is permitted by ordinance.]
Plaintiff, Geoffrey F. Colegrove, is the Zoning Enforcement Officer for the Town of Durham. As such he is charged with the enforcement of the zoning regulations. He has standing to bring this appeal. He is an aggrieved person.
Defendant Lamos, LLC, contends:
"All of these facts, Attorney Tirozzi stated, posed two unique hardships that supported the Defendant's request for an expanded free-standing sign. . . . First, such a sign was necessary to effectively notify passers-by of the tenants located on the property, because signs on the buildings could not be seen from the street based on the topography of the property. This fact, he aptly noted, created a safety issue, a hardship by mere definition, for persons seeking to enter the site to visit the tenants located on the site. . . . These issues of lack of visibility based on topography and vehicular traffic safety, he noted, supported the Defendant's application and justified CT Page 2440 the ZBA's issuance of the requested variance." Brief of the Defendant, Lamos, LLC, December 27, 2000, p. 2. [121]
Lamos, LLC, misses the mark.
The law is clear.
 "The hardship must originate in the regulation or ordinance and arise from the application of the regulation or ordinance to the subject property. Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39-40, 438 A.2d 1186 (1982); Whittaker v. Zoning Board of Appeals, supra, 179 Conn. 658. Financial considerations are relevant only if the application of the regulation or ordinance practically destroys the value of the property for any use to which it may be put and the regulation or ordinance as applied to the subject property bears little relationship to the purposes of the zoning plan. Grillo v. Zoning Board of Appeals, supra, 206 Conn. 369; Carlson v. Zoning Board of Appeals, 158 Conn. 86, 89-90, 255 A.2d 841 (1969)." Bloom v. Zoning Board of Appeals, 233 Conn. 198, 210
(1995).
An accepted authority on Connecticut zoning states:
 "Limitations imposed by the shape of the lot do not in themselves create a hardship, however. They must, in conjunction with the regulations, prevent the owner from doing something the owner otherwise has a right to do.326a"
 "326a Bloom v. Zoning Bd. of Appeals of Norwalk, 223 Conn. 198, 210, 658 A.d 559 (1995) (citing this text)."
 T. Tondro, Connecticut Land Use Regulation, (2d Ed. 2001 Sup.) P. 76.
For the purposes of this case, the topography or slope is analogous to "shape of the lot" as used in the quoted text.
Here, the sign size limitation is in the zoning regulations; it is the zoning regulations alone that prevent the larger sign. The land topography acting in conjunction with the sign regulations does not CT Page 2441 prevent Lamos, LLC from having a larger sign. Even if the land was level with the highway, or if it sloped upward affording greater visibility of the buildings from the road, Lamos, LLC could not have the larger sign. Slope or no slope, the larger sign is prohibited by the zoning regulations. While the slope may exacerbate the visibility problem, the larger sign is prohibited by the zoning regulations. Thus, the topography is not a "hardship" in variance lore.
The defendant zoning board of appeals also noted "traffic considerations" as a hardship. The same rationale applies. The traffic on Route 17 did not prevent the larger sign. Traffic is not a "hardship" in variance lore.
The apparent adverse effect on the tenants caused by the lessened visibility from the highway is financial. There is no claim or evidence that the financial adversity is so severe as to be confiscatory or the like.
Thus, the hardship here is financial. It is not grounds for a variance.
 "A mere economic hardship or a hardship that was self-created, however, is insufficient to justify a variance; Krejpcio v. Zoning Board of Appeals, supra, 662; and neither financial loss nor the potential for financial gain is the proper basis for granting a variance. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972). Bloom v. Zoning Board of Appeals, 233 Conn. 198, 208 (1995)
There was no evidence of or grounds for finding hardship. The variance should not have been granted.
Other requirements for a variance were not met.
By statute, a zoning board of appeals has authority
". . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated. [Underscoring added] C.G.S. § 8-7. CT Page 2442
The Durham zoning regulations provide similarly. The "especially affecting" requirement is found in § 15.01.03.
 ". . . where owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated" Zoning Regulations, Town of Durham, § 15.01.03. Record, Item #11.
"It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district . . ."Smith v. Zoning Board of Appeals, 174 Conn. 323, 327 (1978)
Although required by statute, town regulation and Supreme Court authority, there was no finding that the claimed hardship affected this property differently than others in the relevant area. Nor could there be such a finding. There was nothing developed in the record before the defendant board which would support such a finding.
A "variance must be shown not to affect substantially the comprehensive zoning plan." Giarrantano v. Zoning Board of Appeals, 60 Conn. App. 446
(2000). The comprehensive zoning plan is found in the zoning regulations. Whitakeer v. Zoning Board of Appeals, 179 Conn. 650, 656
(1980). There was no such finding by the defendant zoning board of appeals. Nor could there be. The regulations evince a scheme to minimize and limit sign size. The sign granted here permits a sign five times that allowed in the regulations. Nor does the record show the board even considered the effect of its action on the comprehensive plan.
For the foregoing reasons, the plaintiff's appeal is sustained. CT Page 2443