[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Joseph C. Coco, appeals from the granting of a special permit by the defendant, Zoning Commission of the City of Danbury, allowing the operation of a package store at 59-67 Federal Road, Danbury.
The defendant, Stew Leonard's Vineyards of Norwalk, LLC, sought the CT Page 4745 special permit in order to utilize 4,034 square feet of an existing building for a package store and retail use. (ROR 2, Exhibit 1.)
The property is owned by the "Charles J. Troccolo, Jr. Declaration of Trust," dated November 1, 1991, and is located in a CG-20 (General Commercial District) zone.
The portion of the premises for which the special permit was requested is part of an existing building, consisting of approximately 25,000 square feet. (ROR 12, p. 2.)
Prior to submitting the special permit application, the applicant requested and obtained a waiver of site plan approval to change the use of 2,343 square feet from retail and warehouse space to retail space. (ROR 5.)
In granting the site plan waiver, the Danbury Zoning Department found that sufficient parking was present on the site to meet the existing zoning regulations.
No appeal was taken from the decision to waive the site plan requirements.
On September 5, 2000, the defendant, Stew Leonard's Vineyards of Norwalk, LLC, applied for a special permit to use the premises as a package store.
A public hearing on the request was noticed (ROR 4), and was conducted on October 10, 2000.
The application proposed the use of approximately 2,300 square feet of space for the sale of package store products, with 1,734 square feet on the second floor dedicated to storage space. (ROR 12, p. 2.)
Preliminary to the applicant's presentation, the Danbury planning director informed the commission that the proposed package store use complied with § 3.F.2(c)[1] of the Danbury Zoning Regulations. (ROR 12, p. 1.)
The presentation offered by Stew Leonard's Vineyards of Norwalk, LLC, addressed the issue of parking on the site, and the uses of property in the neighborhood. (ROR 12, pp. 3-4.)
The plaintiff, Attorney Joseph C. Coco, spoke in opposition to the granting of the special permit.
He questioned the traffic which would be generated by the use, claiming CT Page 4746 that in excess of 500 trips per day would result, thus mandating a Traffic Impact Analysis.[2]
He also contended that the regulations applicable to the CG-20 zone do not permit a package store as a specially permitted use.
He argued that package stores are not "retail stores or shops"which are permitted in a CG-20 zone.
Attorney William Sullivan, representing the applicant, offered the opinion that a package store was a "retail store" within the meaning of § 5.A.2(a) (45) of the applicable regulations.
The commission chairman, Theodore J. Haddad, observed that he had raised the issue on an earlier occasion, but was told by the planning director that he was "interpreting" the phrase "retail sales" to include a package store. (ROR 12, p. 9.)
Following the public hearing, the commission voted 7 to 2 to approve the special permit request, with conditions. (ROR 12, pp. 11-12.)
In its approval resolution, the zoning commission found, as required by § 10.C.4 of the Danbury Zoning Regulations, that the proposed use was compatible and consistent with the other uses in the area and will not have a detrimental effect on the health, safety or welfare of the citizens of Danbury.
The decision was published on October 19, 2000.
The plaintiff commenced this appeal pro se, returnable November 14, 2000.
The summons form utilized to commence the appeal listed the Chairman of the Zoning Commission, Theodore J. Haddad; Danbury City Clerk, Betty Crudginton; and Stew Leonard's Vineyards of Norwalk, LLC, as defendants.
The Zoning Commission of the City of Danbury is listed in the body of the appeal and in the caption, notwithstanding its omission on the summons form.
All of the defendants filed motions to dismiss, claiming lack of subject matter jurisdiction.
The court (Adams, J.) in a Memorandum of Decision dated April 30, 2001, denied the motions to dismiss, and made specific findings: (1) The plaintiff, Joseph C. Coco, had properly pled aggrievement. (2) The failure of the plaintiff to include the date of the publication of the commission's decision in his complaint does not deprive the court of CT Page 4747 jurisdiction. (3) The summons form provided sufficient notice to the Zoning Commission of the city of Danbury of the appeal since service on the city clerk and the chairman of the commission was demonstrated. (4) The Zoning Commission of the City of Danbury is a proper party to this appeal, and the pleadings make clear that an appeal from a commission decision is involved. (5) The failure to post a recognizance bond does not render the service of process defective in light of Public Act 00-108.
Following the decision on the motions to dismiss, all parties submitted briefs, and on February 25, 2002, evidence was received on the issue of aggrievement.
 AGGRIEVEMENT
The plaintiff, Attorney Joseph C. Coco, owns no real property in the city of Danbury.
He testified to an unrecorded life interest in 8 Settlers Hill Road, and is a party to a mortgage on real property. (Exhibits 1-5.)
The plaintiff is unable to meet the test for "aggrieved person" set forth in § 8-8 (1) of the General Statutes, because he owns no land "which abuts or is within 100 feet of any portion of the land involved in the decision."
Nor can the plaintiff avail himself of the well established test for classical aggrievement.
That test requires a plaintiff to demonstrate (1) a specific personal and legal interest in the decision as distinct from a general interest, such as concern of all members of the community as a whole; and (2) that his interest has been specifically and injuriously affected. Hall v.Planning Commission, 181 Conn. 442, 444 (1980).
No evidence was produced from which a finding of classical aggrievement can be made.
The plaintiff's sole basis for aggrievement rests on the "automatic aggrievement" rule reaffirmed by the Connecticut Supreme Court in Jolly,Inc. v. Zoning Board of Appeals, 237 Conn. 184 (1996).
In Jolly, the court reiterated the longstanding rule that a residential taxpayer appealing a zoning decision involving the sale of liquor is, a priori, an aggrieved person pursuant to § 8-8 (a) of the General Statutes. Jolly, Inc. v. Zoning Board of Appeals, supra, 201; O'Connorv. Board of Zoning Appeals, 140 Conn. 65, 72 (1953). CT Page 4748
The court reasoned that the sale and use of alcohol pose significant risks of criminal activity and an increased risk to the well being of the community. This, coupled with an increased need for policing and an increased risk of pecuniary loss to the taxpayer, accounts for the distinctive and special treatment accorded one challenging a decision which involves the potential sale or use of liquor. Jolly, Inc. v. ZoningBoard of Appeals, supra, 198-99.
The Jolly court disregarded both a trial court decision not to apply the automatic standing rule and a solitary dissent which urged abandonment of the rule, claiming that it was anachronistic. Jolly, Inc.v. Zoning Board of Appeals, supra. 204-05 (Berdon, J., dissenting).
The plaintiff cannot establish aggrievement under the Jolly rule based upon his unrecorded life interest in real estate or his obligation to make mortgage payments.
However, at trial, the plaintiff testified to his ownership of a 1992 Mercury.
The plaintiff has owned the vehicle at all times during the pendency of this appeal, and it is taxed by the City of Danbury on the current Grand List.
It is, therefore, found that the plaintiff as a resident and taxpayer in the City of Danbury is aggrieved and has standing to maintain this appeal.
 STANDARD OF REVIEW
A special permit allows a property owner to use his property in a manner expressly permitted by the zoning regulations. A. P. W. HoldingCorporation v. Planning Zoning Board, 167 Conn. 182, 185 (1974).
The terms "special permit" and "special exception" have the same meaning and can be used interchangeably. Summ v. Zoning Commission,150 Conn. 79, 87 (1962).
When ruling upon an application for a special permit, a combined planning and zoning commission or a zoning commission acts in an administrative capacity rather than in a legislative or quasi-judicial capacity. Irwin v. Planning Zoning Commission, 244 Conn. 619, 627
(1998); Farina v. Zoning Board of Appeals, 157 Conn. 420, 422 (1969).
Acting in this administrative capacity, the commission's function is to CT Page 4749 determine whether the applicant's proposed use is expressly permitted under the zoning regulations and whether the standards set forth in the regulations have been satisfied. A. P. W. Holding Corporation v.Planning Zoning Board, supra, 185. The conditions under which a special exception is allowed must be found in the regulations themselves. Beckishv. Planning Zoning Commission, 162 Conn. 11, 15 (1971).
The zoning regulations, and not the commission, determine what uses may be allowed as special exceptions. The function of the commission is to determine whether or not a proposed use falls within one of the special exceptions expressly permitted by the regulations. W A T R, Inc. v.Zoning Board of Appeals, 158 Conn. 196, 200 (1969); Jeffery v. Planning Zoning Board of Appeals, 155 Conn. 451, 461 (1967).
In applying the law to the facts of a particular case, the commission is endowed with liberal discretion, and its action is subject to review by a court only to determine whether it was unreasonable, arbitrary or illegal. Schwartz v. Planning and Zoning Commission, 208 Conn. 146, 152
(1988).
On factual questions, a reviewing court cannot substitute its judgment for that of the municipal agency. Timber Trails Corp. v. Planning andZoning Commission, 222 Conn. 380, 401 (1992). However, the question of whether a particular statute or regulation applies to a given set of facts is a question of statutory interpretation, and the interpretation of provisions contained in a municipal zoning ordinance is a question of law for the court. Coppola v. Zoning Board of Appeals, 23 Conn. App. 636,640 (1990).
The court is not bound by the legal interpretation of an ordinance by the municipal authority. Schwartz v. Planning and Zoning Corporation, supra, 152-53.
Zoning regulations cannot be construed to include or to exclude by implication what is not clearly within their express terms. Planning andZoning Commission v. Gilbert, 208 Conn. 696, 705 (1988); ParkConstruction Co. v. Planning and Zoning Board of Appeals, 142 Conn. 30,35 (1954).
A trial court is charged with determining whether the commission has correctly interpreted its regulations and has applied them with reasonable discretion to the facts. Pascale v. Board of Zoning Appeals,150 Conn. 113, 117 (1962); Baron v. Planning and Zoning Commission,22 Conn. App. 255, 257 (1990).
In construing a zoning regulation, a court should seek to ascertain and CT Page 4750 give effect to the intent of the local legislative body. Essex Leasing,Inc. v. Zoning Board of Appeals, 206 Conn. 595, 601 (1988). Whenever possible, the language of zoning regulations will be construed so that no clause is deemed superfluous, void or insignificant. Planning and ZoningCommission v. Gilbert, supra, 705-06.
Regulations must be interpreted so as to reconcile their provisions and make them operative as far as possible. Donohue v. Zoning Board ofAppeals, 155 Conn. 550, 557 (1967).
 COMMISSION NOT REQUIRED TO ACCEPT PLAINTIFF'S ANALYSIS OF TRAFFIC CONDITIONS
The plaintiff first claims that the Danbury Zoning Commission was required to conduct a traffic impact analysis before issuing a special permit.
He further argues, based on testimony he presented at the hearing, that the commission should have found that the proposed use will generate over 500 trips per day.
These arguments are without merit.
The site plan requirement for use of the site was waived prior to the initiation of the special permit process, and no appeal from that waiver was taken.
The plaintiff points to no specific provision of the Danbury Zoning Regulations mandating a traffic impact analysis prior to a special permit application being heard.
Section 10.D.8(b) of the zoning regulations requires a traffic impact statement as a component of site plan review, and only if the use will generate 500 trips per day.
The commission had ample evidence before it from which it could find that the use in question would not generate 500 trips per day even if the traffic analysis was required by the regulations.
The commission was not required to accept the plaintiff's evidence, particularly that portion dealing with sites other than the site in question. (ROR 12, pp. 7-8).
The applicant presented ample evidence from which the commission could conclude that the site would generate less than 500 trips per day. (ROR 12, pp. 9-10). CT Page 4751
Therefore, considerations of traffic at the site cannot avail the plaintiff in his appeal.
 A PACKAGE STORE IS NOT A PERMITTED USE IN A CG-20 ZONE
The plaintiff argues that a package store is not a permitted use in a CG-20 zone, according to the Danbury Zoning Regulations, and that the commission had no authority to grant a special permit.
The defendants contend, as they did at the hearing, that a package store is included within the category "retail stores or shops" and is, therefore, designated as a permitted use pursuant to § 5.A.2(a) (45) of the regulations.
The commission also maintains that § 5.A.2(c) of the regulations allows a "tavern or grill" by special permit and that a package store is also included within that section.
A review of the provisions of the Danbury Zoning Regulations reveals that the terms "retail stores and shops" and "package store" are not used interchangeably.
Section 5.E.2(a) of the regulations, the section applicable to Neighborhood Commercial Districts (CN-5, CN-20), contains provisions for both retail stores and shops and package stores.[3]
A retail package store is permitted, under § 5.E.2(a) (12), for "the sale of wine, beer or spiritous liquors, except as prohibited by other provisions of these regulations."
Section 5.C.2(a) (36) allows a retail package store as a permitted use in a Limited Roadside Commercial Industrial District (LCI-40).
The regulations applicable to an LCI-40 zone also allow, as a separate section, § 5.C.2(a) (37), the "retail sale of antiques, books, clothing, shoes, drugs, dry goods" and other retail items.
The distinction is maintained in the portion of the regulations devoted to traffic analysis and the Trip Multiplier Table found in § 10.D(b)(2) of the zoning regulations.
The Trip Multiplier Table (pp. 10-14), used to determine the projected average daily trips generated by a proposed use, includes projections for both a "retail package store" and "[r]etail stores or shops." CT Page 4752
In both instances, the table provides "65 per 1,000 square feet of gross floor area."
If retail stores and shops and retail package stores were synonymous, the drafters of the regulations would have found it unnecessary and redundant to include both in the Trip Multiplier Table.
When construing municipal zoning regulations, courts should construe those regulations as a whole, and in a way to reconcile the various provisions as far as possible. Kleinsmith v. Planning ZoningCommission, 157 Conn. 303, 313 (1968). Regulations cannot be construed to include or exclude by implication what is not clearly within their express terms. Planning and Zoning Commission v. Gilbert, supra, 705.
A clear distinction is made between package stores and retail stores and shops throughout the various provisions of the Danbury Zoning Regulations.
The distinction is consistent with the public policy which allows automatic standing to challenge the issuance of a special permit only in situations involving the sale of alcoholic beverages.
Were the special permit which is the subject of this appeal granted for any use other than one involving the sale of liquor, the plaintiff, Attorney Joseph C. Coco, would not be an aggrieved party and would have no standing to challenge the action of the Danbury Zoning Commission.
Section 30-9[4] of the General Statutes provides a unique local option to a municipality, allowing a town to forbid the sale of alcoholic liquor altogether following a referendum vote.
Recent years have witnessed legislative initiatives designed to curb the carnage on our highways wrought by intoxicated motorists,[5] and special attention has been paid to the misuse of alcohol by minors, in both criminal[6] and civil settings. Ely v. Murphy, 207 Conn. 88, 95
(1988); Bohan v. Last, 236 Conn. 670, 679 (1996).
For all of these reasons, this court is particularly reluctant to countenance by inference or implication that which the Danbury Zoning Regulations have failed to allow explicitly.
It is found that a package store is not a permitted use, under the Danbury Zoning Regulations, in a CG-20 zone.
The commission also argues that § 5.A.2(c) of the regulations CT Page 4753 should be read to include authorization to issue a special permit for the operation of a package store.
This argument is not persuasive.
Section 5.A.2(c), which is labeled "Special Permit Uses," reads: (1) Tavern or Grill. See section 3.F.2."
Section 3.F.2 of the regulations is designated "Taverns, Grills, Restaurants, Package Stores, and Grocery Stores."
Section 3.F.2(a) deals with "Taverns, Grills and Restaurants," while § 3.F.2(b) concerns use as a "Grocery Store."
The provision relating to a "Package Store" is § 3.F.2(c).
The regulations applicable to a CG-20 zone list, under permitted uses, both a grocery store[7] and a restaurant.[8]
Taverns and grills are listed separately as special permit uses.
Only the "Package Store" use mentioned in § 3.F.2 is missing from the provisions applicable to a CG-20 zone.
It is reasonable to conclude that the omission is deliberate, intentional and purposeful.
If the City of Danbury wishes to allow a package store as a permitted use in a CG-20 zone or to submit the use to the special permit process throughout the community, it need only amend its regulations to so provide.
This court declines the invitation to read into those regulations by implication words which do not appear in the text.
The appeal of the plaintiff, Joseph C. Coco, is sustained, and the special permit voted by the defendant, Zoning Commission of the City of Danbury, is declared void.
The defendant, Stew Leonard's Vineyards of Norwalk, LLC, is ordered to immediately cease and desist from the sale of alcoholic beverages at 59-67 Federal Road, consistent with the special permit challenged in this appeal.
Radcliffe, J. CT Page 4754